UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:22-cv-22962-AHS

GRACE ANGELO,
on behalf of the NCLC 401(k) Plan,
herself, and all others similarly situated,

      Plaintiff,

v.

NCL CORPORATION LTD, and
NCL (BAHAMAS) LTD., A BERMUDA
COMPANY,

      Defendants.

_____/

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Kerstin Thompson ("Ms. Thompson") moves this Honorable Court for an order permitting her to file a First Amended Complaint substituting her as the Named Plaintiff and proposed Class Representative in lieu of Grace Angelo ("Ms. Angelo"). An order granting this Motion is attached as Exhibit A. The proposed First Amended Complaint is attached as Exhibit B. In further support thereof, Ms. Thompson states as follows:

### SUPPORTING FACTS

1.      The Complaint in this case was filed on September 16, 2022. (ECF 1.)

2.      Defendants moved to dismiss the Complaint on January 9, 2023. (ECF 9.)

3.      After Defendants' motion to dismiss was fully briefed, but before the motion was decided the parties' agreed in good faith to participate in a mediation in an effort to resolve the case on a class wide basis.

4. The parties filed a joint motion to stay all deadlines and proceeding pending completion of class wide mediation on February 6, 2023. (ECF 22.)

5. The Court granted the joint motion and stayed all proceedings in this matter pending completion of the class wide mediation on February 7, 2023. (ECF 23.)

6. On April 3, 2023, the parties participated in mediation with the assistance of JAMS mediator, Robert A. Meyer (one of the country's leading class action mediators). The mediation lasted approximately twelve hours. It was a long and exhausting process. Eventually, the parties reached an agreement, subject to Court approval, to resolve this case on a class-wide basis.

7. The mediator requested the parties to draft and sign a term sheet that included certain material components of the parties' agreement before the conclusion of the mediation. The term sheet was drafted, edited, and eventually signed by all parties before the conclusion of the mediation.

8. Ms. Angelo had left the mediation and was attending a dinner by the time the term sheet was drafted. She was available by telephone and on standby, however. Once the term sheet was ready to be signed, Angelo's counsel telephoned her, reviewed the terms of the settlement and the term sheet, emailed the term sheet to Angelo, and requested her to sign it. Angelo, by all indications, was very pleased with the result. She immediately signed and emailed the term sheet to her counsel. Defendant also signed the term sheet. Copies of the fully executed term sheet were exchanged.

9. The following day, the Parties filed a mediation report to inform the court that the case had "settled in full." (ECF 24.)

10. Thereafter, the parties' counsel began drafting the appropriate more fulsome settlement documents.

11. Thereafter, Ms. Angelo, left messages with counsel suggesting that she wanted to renegue on the parties' agreement unless she got paid more money from Defendants, or her counsel, or received some additional compensation from some source.

12. At approximately the same time, unbeknownst to her counsel, Ms. Angelo sent several *ex parte* communications to the Court. (ECF 26). Those e-mails disclosed attorney-client communications to the Court and to Defendants' counsel. Moreover, they contain blatant misrepresentations, including as to communications that occurred during and after mediation.

13. Ms. Angelo has expressed she is unhappy with the agreement reached at mediation and now wants to extract more money from Defendants, counsel, the class, or some other source.

14. Based on Ms. Angelo's recent conduct, counsel has serious concerns about Ms. Angelo's integrity and ability to serve as an adequate class representative.

15. To protect the interests of the class and the integrity of the tentative settlement agreement reached in this case, counsel seek leave to file a First Amended Complete, to substitute Ms. Thompson as the plaintiff and class representative in lieu of Ms. Angelo. No other changes are made to the existing complaint.

16. Ms. Thompson has been fully apprised of the situation. She has agreed to step in and serve as the class representative in this case, and honor the terms of the tentative agreement reached at mediation, if this Honorable Court will permit her to do so.

17.     "Eleventh Circuit precedent favors allowing new and proper class representatives to enter a case to ensure the putative class members' interests are protected." So it is here. This Motion should be granted.  *Martorella v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr.*, No. 12-80372-CIV, 2014 WL 12779556, at *2 (S.D. Fla. Sept. 18, 2014) (citing and quoting *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985)).

**MEMORANDUM OF LAW**

## I.      Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, when a party moves for leave to amend their complaint, '[t]he court shall freely give leave when justice so requires.'" *Gainor v. Bryan Holdings, LLC*, No. 06-21748-CIV, 2009 WL 10668297, at *1 (S.D. Fla. Sept. 2, 2009) (Martinez, J.) (quoting Fed. R. Civ. P. 15(a)(2)).

A motion to amend may be denied for reasons such as undue delay, bad faith, dilatory motive, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Maynard v. Bd. of Regents of the Division of Universities of the Florida Dep't of Ed.*, 342 F.3d 1281, 1287 (11th Cir. 2003). In this case, there is no clear evidence of undue delay, bad faith, nor dilatory motive. Accordingly, the Court should permit the filing of the attached First Amended Complaint.

## II.     Argument

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading with consent or leave of the court. Courts are instructed to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). While leave to amend is within the Court's discretion,

4

"[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The proposed First Amended Complaint relates back to the original Complaint, as the claims set forth in the First Amended Complaint arise out of the same conduct set out in the original Complaint. Fed. R. Civ. P. 15(c)(1)(B). Ms. Thompson is a class member. She worked for the Defendants from January 1, 2015, through January 1, 2020. She also participated in the Plan during the proposed class period. As such, her claims in this case are identical to those of all class members. Since Ms. Thompson's claims clearly share common questions of law and fact with those in the original Complaint, the Court should grant leave to amend to file the attached First Amended Complaint.

Not only that, substituting Ms. Thompson in the First Amended Complaint as class representative for Ms. Angelo will also help ensure sufficient adequate representation of the class throughout the settlement process (if the parties' settlement is approved by the Court) and, if necessary, during any additional litigation.

A.    **The New Proposed Class Representative Has Not Unduly Delayed Her Request for Leave to Amend, Always Operated in Good Faith, and Not Previously Failed to Cure Deficiencies.**

Defendants have not even answered the original Complaint yet. The issues raised by Ms. Angelo just a few days ago on April 17, 2023.  Once it became clear that the class needed a new representative, Ms. Thompson acted swiftly to protect the interests of her follow class members. Such actions by Ms. Thompson, and the undersigned, also

unquestionably demonstrate good faith. The bottom line here is simple: Ms. Thompson and her counsel are trying to protect the class members, which is precisely what they are supposed to do. There has been no delay in doing so.

Importantly, the Court of Appeals for the Eleventh Circuit has long recognized allowing for the substitution of class representatives to ensure the maintenance of class actions, including specifically through the filing of amended complaints. *Andrews v. Am. Tel. & Tel. Co.*, 95 F.3d 1014, 1020 (11th Cir. 1996) (noting that the district court had granted motion to amend complaint to add named plaintiffs after recommending that such procedure be used for "augmentation of the class representatives").

For example, in *Birmingham Steel Corp. v. Tennessee Valley Auth.*, the district court decertified a class because the named plaintiff became an inadequate representative. 353 F.3d 1331 (11th Cir. 2003). The Eleventh Circuit reversed, remanded, and found that the district court abused its discretion by not allowing class counsel reasonable time to determine whether a new class representative could be substituted in an amended pleading. *Id.*, at 1342.

Similarly, in *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985), the Eleventh Circuit held that the district court erred in refusing to certify a class without first permitting a potentially adequate representatives to replace the existing class representative. *Id*. at 781; *see also Rutstein v. Avis Rent-A-Car Syst., Inc.*, 211 F.3d 1228, 1232-33 (11th Cir. 2000) (noting that district court allowed new class representatives to "strengthen the adequacy of class representation").

As demonstrated above, including under *Birmingham* and *Cotterall*, this Circuit has long recognized the importance of allowing for the substitution of class representatives,

6

including through the filing of amended complaints—much like the First Amended Complaint here. *Andrews v. Am. Tel. & Tel. Co.*, 95 F.3d 1014, 1020 (11th Cir. 1996) (noting that the district court had granted motion to amend complaint to add named plaintiffs after recommending that such procedure be used for "augmentation of the class representatives").

Here, the participation of the Ms. Thompson through the filing of the attached First Amended Complaint will help protect the interests of the class by helping to keep the parties' agreement together so counsel may present it to the Court for preliminary approval in accordance with Rule 23. Additionally, Ms. Thompson should be permitted to serve as class representative in the First Amended Complaint, so she need not bring a separate action and seek consolidation or coordination with this case.

### B.      Leave to Amend will Not Unfairly Prejudice Defendants

Allowing the filing of the First Amended Complaint will not unfairly prejudice Defendants in any way. Defendants have not answered the original Complaint yet. No substantive orders on the merits of the original Complaint have been entered yet. No scheduling orders have been entered. Not only that—by Order dated February 7, 2023, all deadlines were stayed to give the parties time to conduct an early mediation.  As such, no delay or prejudice will be caused by granting this Motion. Not only will Defendants not be unfairly prejudiced, but the filing of the Filing of the First Amended Complaint will enable the parties to proceed with finalizing and seeking approval of the agreement reached at mediation.

**C.      The Proposed Amendment is Not Futile.**

Where the proposed amendment is not clearly futile, leave to amend should be granted. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) (stating a plaintiff should be granted leave to file an amended complaint where "it does not appear beyond doubt that [plaintiff] cannot prove a set of facts which would entitle him to relief"). Plaintiff's request to file a First Amended Complaint is not futile because the only change to the pleading is the substitution of the named plaintiff.

**D.      Justice Requires Leave to Amend**

"[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Here, leave to amend is being sought to protect the interests of the class, the mediation process, … and even Defendants and the resources they spent preparing and participating in mediation. At the outset of this case, Ms. Angelo was informed and agreed to act as a class representative. It is unfortunate that she decided to renege on that agreement. At the mediation, Ms. Angelo signed the term sheet. She is now seeking to renege on that agreement too. Justice requires leave to amend so that a proper class representative can be substituted into this case.

**IV.      Conclusion**

For the foregoing reasons, this Motion should be granted, and Plaintiff should be granted leave to file the attached First Amended Complaint. A proposed Order granting this Motion is attached as Exhibit A. The proposed First Amended Complaint is attached as Exhibit B.

8

## <u>CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)</u>

Pursuant to S.D. Fla. L.R. 7.1(a)(3), on April 25, 2023, counsel for Plaintiff contacted counsel for Defendants by phone and via email regarding the relief sought in this Motion.  Defendants' counsel is in the process of conferring with his client so Defendants' position on this Motion is presently unknown. Normally, the undersigned would wait to learn of Defendants' position prior to filing this Motion.  However, due to the delicate nature of these proceedings and events, the undersigned wanted to file this Motion as soon as possible. The undersigned will immediately notify the Court of Defendants' position on the relief sought in this Motion once known.

Dated this 25th day of April, 2023.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**AMANDA E. HEYSTEK**
Florida Bar Number: **0285020**
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com
**Attorneys for Plaintiffs**

**MICHAEL C. MCKAY**
Pro Hac Vice
**MCKAY LAW, LLC**
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Facsimile: (480) 348-3999
Email: mmckay@mckaylaw.us

*Attorneys for Plaintiff and the Proposed Class*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of April, 2023, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing document will be served with the Complaint.


*/s/ Brandon J. Hill*
**BRANDON J. HIL**

10