# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:22-cv-22962-AHS

GRACE ANGELO and KERSTIN THOMPSON,
on behalf of the NCLC 401(k) Plan,
themselves and all others similarly situated,

      **Plaintiffs,**

**v.**

NCL CORPORATION LTD, and
NCL (BAHAMAS) LTD., A BERMUDA
COMPANY,

      **Defendants.**
_____/

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of August __, 2023 is entered

into between Named Plaintiffs Grace Angelo and Kerstin Thompson, on behalf of themselves, all

Class Members and the Plan on the one hand, and Defendants on the other, all as defined herein.

**ARTICLE I**
**RECITALS**

**1.1**    On September 16, 2022, Plaintiff Grace Angelo ("Ms. Angelo"), a participant in

the NCLC 401(k) Plan, filed a civil action styled *Angelo v. NCL Corporation Ltd et al.*, Case No.

1:22-cv-22962-SINGHAL-MCALILEY, in the United States District Court for the Southern

District of Florida.  Ms. Angelo's Class Action Complaint asserts various claims against

Defendants NCL Corporation Ltd. and NCL (Bahamas) Ltd. ("NCL") relating to the

administration of the Plan.  It alleges that Defendants breached fiduciary duties under the

Employee Retirement Income Security Act of 1974 ("ERISA") and seeks an award of money

1

damages for Ms. Angelo, the Plan, and a putative class of Plan participants.  It also seeks declaratory and injunctive relief and an award of attorneys' fees and litigation costs.

      **1.2**     Prior to filing the Class Action Complaint, on July 19, 2022, Class Counsel (on behalf of Ms. Angelo) sent a letter addressed to "Plan Administrator" which requested certain Plan documents and submitted an administrative claim pursuant to the Plan's mandatory administrative claims review process.  On August 25, 2022, NCL acknowledged receipt of the claim notice, notified Class Counsel that the claim notice had been forwarded to the NCL Investment Committee ("Committee") for review, and produced documents in response to Ms. Angelo's document requests.  On October 14, 2022, the Committee notified Ms. Angelo of its decision to deny the administrative claim, and the reasons for its decision.  Ms. Angelo submitted an appeal on November 7, 2022, and the Committee denied the appeal on December 29, 2022. During the course of the administrative process, NCL produced over 3,800 pages of documents relevant to Ms. Angelo's claims, including (1) the Plan's governing documents and trust agreements, (2) the Plan's mandatory fee-related disclosures, (3) a full set of the Committee's minutes dating back to 2016, along with presentations and reports shared with the Committee at those meetings, (4) the Plan's contracts with Prudential, (5) all versions of the Plan's Investment Policy Statement during the putative class period, (6) documents relating to the Plan's recordkeeper requests for proposal in 2018 and 2022, and (7) Ms. Angelo's quarterly account statements.

      **1.3**     Defendants moved to dismiss the Class Action Complaint on January 9, 2023. Ms. Angelo filed an Answering Brief in Opposition to Defendants' Motion to Dismiss and a separate Motion to Strike Extrinsic Evidence Attached to Defendants' Motion to Dismiss ("Motion to Strike") on January 23, 2023.

**1.4**     As of February 6, 2023, Defendants' Motion to Dismiss and Ms. Angelo's Motion to Strike had each been fully briefed, and Ms. Angelo and Defendants had previously conferred and agreed to participate in a mediation in an effort to resolve this dispute.  Accordingly, on the same date, the Parties filed a Joint Motion to Stay All Deadlines and Proceedings Pending Completion of Class-Wide Mediation.

**1.5**      On February 7, 2023, the Court ordered that the Parties participate in mediation on or before April 17, 2022.

**1.6**     Prior to the mediation, which was scheduled for April 3, 2023, Ms. Angelo submitted a detailed damages analysis to Defendants, and she and Defendants exchanged mediation statements and other relevant information.

**1.7**     On April 3, 2023, Ms. Angelo and Defendants and their respective counsel engaged in a full-day videoconference mediation with Robert Meyer, Esq. of JAMS, who has extensive experience handling ERISA fiduciary-breach lawsuits similar to this one.  After extensive arms-length negotiations lasting approximately twelve hours, they agreed in principle to the material terms of a settlement, the terms of which are memorialized in this Settlement Agreement.

**1.8**     At the mediator's request, Ms. Angelo and Defendants drafted and signed a term sheet that included certain material components of their agreement before the conclusion of the mediation. The following day, Ms. Angelo and Defendants jointly filed a mediation report to inform the court that the case had "settled in full." (ECF 24.)  Thereafter, the undersigned counsel began drafting the appropriate more fulsome settlement documents.  Thereafter, Ms. Angelo initially expressed some reluctance about continuing with the settlement.  As a result, Class Counsel sought permission to withdraw as counsel for Ms. Angelo.  That Motion was

granted by the Court on May 8, 2023.  (ECF No. 33).  Ms. Angelo was given until May 18, 2023, to find new counsel.  (ECF No. 33).  Ms. Angelo thereafter retained Scott M. Beheren to represent her in her individual capacity.  On May 21, 2023, Mr. Beheren filed a notice of appearance to appear on her behalf.  (ECF No. 35.)  Mr. Beheren represents Ms. Angelo in her individual capacity.  He does not seek to be included as Class Counsel here.

1.9     On August 1, 2023, Ms. Angelo filed a notice of consent with the Court indicating as follows: "Plaintiff Grace Angelo consents to settlement in this matter as previously reached between the parties. The parties have exchanged settlement papers and they should be signed by parties shortly." (Doc. 42).

1.10    Another class member, Kerstin Thompson, retained Class Counsel to represent her and agreed to serve as a new Class Representative in the event that Ms. Angelo was unwilling or unable to serve in that role.  To that end, Plaintiff's counsel filed a Motion to Amend adding Ms. Thompson as an additional Named Plaintiff.  (ECF Nos. 31, 37).  Ms. Thompson is now a Named Plaintiff and is prepared to serve as the second class representative. Defendants have no objection to Ms. Thompson serving as the second class representative.  The Parties respectfully ask that this Honorable Court permit Ms. Thompson to serve as the second class representative to ensure the rights of the class are protected and, additionally, to protect the settlement both sides worked very hard to reach (at tremendous expense).

1.11    Plaintiffs and Class Counsel consider it desirable and in the best interest of the Class that the claims against Defendants be settled by Plaintiffs, on behalf of themselves and on behalf of all Class Members and the Plan, upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in significant benefits to the Class and the Plan.

**1.12**     Defendants admit no wrongdoing or liability with respect to any of the allegations or claims in this Action and expressly deny that they have breached any duty under ERISA or committed any act or omission giving rise to any liability.  Defendants also have denied, and continue to deny, that Plaintiffs or any Class Member was harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  Defendants maintain that they are without fault or liability and are settling the Action solely to avoid substantial litigation costs. Defendants contend that the Plan has been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plan and participants of the Plan, and in compliance with ERISA and applicable regulations, including the fiduciary-duty provisions of ERISA.  This Settlement Agreement, and the discussions preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission, or concession of fault or liability of any kind by Defendants.

**1.13**     To avoid the risks and uncertainty of litigation, and after consulting with counsel and considering the facts and applicable law, the Parties wish to fully and finally resolve this Action upon the terms and conditions set forth in this Settlement Agreement.

**1.14**     Therefore, Defendants and Plaintiffs, on behalf of themselves and on behalf of all Class Members and the Plan, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

### ARTICLE II
### DEFINITIONS

**2.1**     "Action" means the lawsuit styled *Angelo v. NCL Corp. Ltd. et al*, Case No. 22-cv-22962, pending in the United States District Court for the Southern District of Florida.

**2.2**     "Active Account" means a Class Member's individual account in the Plan that has

5

not been closed and has a positive balance as of the date of March 31, 2023.

2.3     "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including: (a) all fees, expenses, and costs associated with the production, publication and dissemination of the Class Notice; (b) all Taxes and Tax-Related Costs as described in Article IV; (c) all expenses and costs associated with calculating and distributing funds pursuant to the Plan of Allocation; and (d) all fees and expenses of the Settlement Administrator and Escrow Agent.  Excluded from Administrative Expenses are: Defendants' internal expenses (such as their legal expenses and share of the mediation fee) and Plaintiffs' and Class Counsel's internal expenses in excess of any amount of Attorneys' Fees and Costs awarded by the Court.

2.4     "Alternate Payee" means a person other than a Participant, Former Participant, or Beneficiary, who is entitled to receive a benefit under the Plan as a result of a valid QDRO, where the QDRO relates to a participant's balance in the Plan during the Class Period.

2.5     "Attorneys' Fees and Costs" means any and all attorneys' fees, costs (including fees and costs charged or incurred by retained experts or consultants), and expenses of Class Counsel for their past, present, and future work, efforts, and expenditures in connection with the Action and Settlement.

2.6     "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form by the Claims Deadline set by the Court in the Preliminary Approval Order, and whose Former Participant Claim Form is accepted by the Settlement Administrator.

2.7     "Beneficiary" means a person who is entitled to receive a benefit under the Plan, as determined by the Plan Administrator on or before the date of the Preliminary Approval

Order, that is derivative of a deceased Participant's or Former Participant's interest in the Plan, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a surviving spouse, child, parent, domestic partner, estate or other individual or trust designated by the Participant or Former Participant or determined under the terms of the Plan to be entitled to a benefit.

2.8     "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453, 1711-15.

2.9     "Class" or "Settlement Class" means a class to be certified under Fed. R. Civ. P. 23(b)(1) and/or (b)(2) for settlement purposes only, consisting of all Participants in and Beneficiaries of the Plan at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude the following individuals: Lynn White, Howard Flanders, Faye Ashby, Mark Kansley, Steve Roth, Daniel S. Farkas and Jeffrey Anderson, Francisco "Frank" J. Del Rio, Harry Sommer, David Herrera, Andrea DeMarco a/k/a Andrea Sieger, Frank A. Del Rio, Robin Lindsay.

2.10     "Class Counsel" means Wenzel Fenton Cabassa, P.A. and McKay Law, LLC.

2.11     "Class Members" means all individuals in the Class, including the Class Representative.

2.12     "Class Notice" means the notice of the Settlement to the Class Members in substantially the form of Exhibit 4, to be provided pursuant to the Preliminary Approval Order in the manner and form approved by the Court and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

2.13     "Class Period" means the period from September 16, 2016 through March 31,

2023.

**2.14**    "Class Representatives" and "Plaintiffs" mean Grace Angelo and Kerstin Thompson.

**2.15**    "Complaint" refers to any or all of the Class Action Complaint filed by Ms. Angelo and the First Amended Complaint filed by Plaintiffs in the Action.

**2.16**    "Court" means the United States District Court for the Southern District of Florida.

**2.17**    "Current Participant" means a Class Member who has an Active Account in the Plan as of March 31, 2023.

**2.18**    "Defendants" mean NCL Corporation Ltd. and NCL (Bahamas) Ltd.

**2.19**    "Defendants' Counsel" means Bryan Cave Leighton Paisner LLP.

**2.20**    "Effective Date" means the first date on which the Final Approval Order and Judgment has become Final.

**2.21**    "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, as amended, including all regulations promulgated thereunder.

**2.22**    "Escrow Agent" means the entity agreed to by the Parties to act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Settlement Fund pursuant to this Agreement.

**2.23**    "Fairness Hearing" means the hearing to be held before the Court to consider (a) any objections from Class Members to the Settlement Agreement; (b) Class Counsel's request for an award of Attorneys' Fees and Costs; and (c) whether to finally certify the Class and approve the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23.

**2.24**    "Final" shall mean, with respect to any judicial ruling, judgment, or order, that the

ruling, judgment, or order remains in effect and that the period for any appeals, petitions, motions for reconsideration, rehearing, or certiorari, or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand.  Notwithstanding any other provision hereof, the Final Approval Order and Judgment shall be deemed Final without regard to whether: (i) the Court has entered an order regarding the Plan of Allocation or the award of Attorneys' Fees and Costs; (ii) any order referred to in (i) has become final; or (iii) any order referred to in (i) is reversed or modified on appeal.

2.25     "Final Approval Order and Judgment" means the order entered by the Court finally approving the Settlement Agreement, implementing the terms of the Settlement Agreement, and dismissing the Action with prejudice, substantially in the form of the attached Exhibit A to the Motion for Preliminary Approval.

2.26     "Former Participant" means a Participant during the Class Period who does not have an Active Account in the Plan as of March 31, 2023.

2.27     "Gross Settlement Amount" shall have the meaning given to it in Section 4.2.

2.28     "Independent Fiduciary" means the person or entity selected by the Plan's sponsor to serve as an independent fiduciary to the Plan with respect to the Agreement as set forth in Section 3.1.

2.29     "Independent Fiduciary Fees and Costs" means all reasonable fees, costs and expenses of the Independent Fiduciary.

2.30     "Net Settlement Amount" means the Gross Settlement Amount minus (a) any

Attorneys' Fees and Costs awarded by the Court to Class Counsel; (b) all Administrative

Expenses; and (c) Independent Fiduciary Fees and Costs.

**2.31**    "Participant" means an individual who has or had an individual account in the

Plan at any time during the Class Period.

**2.32**    "Parties" mean Plaintiffs and Defendants.

**2.33**    "Plan" means the NCLC 401(k) Plan.

**2.34**    "Plan Administrator" means NCL (Bahamas) Ltd. and its designee(s).

**2.35**    "Plan of Allocation" means the document setting forth the methodology for

allocating and distributing the Net Settlement Amount, substantially in the form of Exhibit 3 to

the Settlement Agreement.

**2.36**    "Plan Recordkeeper" means the entity that currently maintains electronic records

of the Plan's Participants and Former Participants and their individual accounts.

**2.37**    "Preliminary Approval Motion" shall refer to the motion seeking preliminary

certification of the Class and preliminary approval of the Settlement Agreement, to be filed

pursuant to Section 3.3.

**2.38**    "Preliminary Approval Order" means the order entered by the Court preliminarily

approving the Settlement Agreement, pursuant to Section 3.3, substantially in the form of Exhibit

1 to the Settlement Agreement.

**2.39**    "QDRO" means, for the purposes of this Agreement, a valid Qualified Domestic

Relations Order as defined in 29 U.S.C. § 1056(d)(3)(K), and as determined by the Plan

Administrator on or before the date of the Preliminary Approval Order.

**2.40**    "Qualified Settlement Fund" means the interest-bearing settlement fund account

to be established and maintained by the Settlement Administrator with the Escrow Agent

pursuant to Article 4 herein and intended to qualify as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1.

**2.41**   "Released Claims" means any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, obligations, or liabilities (including claims for attorney's fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort or equity or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, and any other relief against the Released Parties through the date the Court enters the Final Approval Order and Judgment:

(a) that were asserted in the Action that or that could have been asserted in the Action and arise out of the conduct alleged in the Complaint;

(b) that arise out of, relate to, are based on, or have any connection with: (1) the selection, retention, performance, and monitoring of the Plan's actual or potential investment options and service providers during the Class Period; (2) the performance, costs, fees, and other characteristics of the Plan's investment options during the Class Period, including any revenue sharing paid by any such investment options or used to pay service provider fees; (3) the Plan's fees and expenses during the Class Period, including without limitation its recordkeeping and other service provider fees; or (4) the nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries during the Class Period;

(c) that would be barred by *res judicata* based on entry of the Final Approval Order and Judgment;

(d) that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Amount pursuant to the Plan of Allocation;

(e) that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

"Released Claims" do not include (i) non-ERISA claims that Named Plaintiffs Grace Angelo and Kerstin Thompson(solely in their individual capacities) may have against NCL relating to their employment at NCL, including claims under the Fair Labor Standards Act (FLSA) and Family and Medical Leave Act (FMLA) or (ii) claims that NCL may have against Plaintiffs (solely in their individual capacities) relating to their employment at NCL.

**2.42**    "Released Parties" means (i) Defendants and (as applicable) their past, present and future affiliates, subsidiaries, parent companies, predecessors, successors, successors-in-interest, assigns, insurers, co-insurers, reinsurers, directors, officers, employees, fiduciary committee members, managers, agents, independent contractors, subcontractors, representatives, attorneys, consultants, accountants, auditors, advisors, personal representatives, spouses, heirs, executors, associates, immediate family members, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary); (ii) the Plan's employee benefit plan administrators, recordkeepers, trustees, custodians, advisors, consultants and other service providers (and their respective owners, directors, officers, managers, agents and representatives), and (iii) all persons acting under, by, through or in concert with any of the foregoing.

**2.43**    "Settlement Administrator" means America Legal Claims which Class Counsel has retained to perform the responsibilities assigned to the Settlement Administrator as set forth in this Settlement Agreement and in the Plan of Allocation.

**2.44**    "Settlement Agreement" means the compromise and settlement embodied in this document and its exhibits, including any modifications or amendments adopted pursuant to Section 10.7.

2.45    "Unknown Claims" means any Released Claims that Plaintiffs or any Class Members do not know or suspect to exist in their favor at the time of the release of the Defendant Released Parties, including claims which, if known by them, might have affected their settlement with the Defendants and release of the Defendant Released Parties, or might have affected their decision not to object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs, individually, as Class Representative and on behalf of the Plan, shall be deemed to have waived, and by operation of the Final Approval Order and Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge, and each of the other Class Members and each Released Party shall be deemed by operation of law to have acknowledged, that the Released Claims in this Settlement Agreement include Unknown Claims and that the foregoing waiver was separately bargained for and a key element of the Settlement Agreement.

## ARTICLE III
## CONDITIONS TO SETTLEMENT

3.1    *Approval by the Independent Fiduciary*.  The Independent Fiduciary  shall determine whether to approve and authorize the Settlement Agreement and the Released Claims on behalf of the Plan, and shall have the following responsibilities in connection with that determination:

**3.1.1**   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

**3.1.2**   The Independent Fiduciary shall:  (a) determine whether to approve the Settlement Agreement on behalf of the Plan; (b) determine whether to authorize the release of the Released Claims on behalf of the Plan; and (c) either (i) authorize the Settlement Agreement in accordance with PTE 2003-39, or (ii) find that the Settlement Agreement does not constitute a prohibited transaction under ERISA Section 406, 29 U.S.C. § 1106, in each case in a written instrument in a form acceptable to the Plan's fiduciaries in their sole discretion.

**3.1.3**   The Parties and their counsel shall fully cooperate in providing information to the Independent Fiduciary, as requested.  The Parties shall in good faith attempt to obviate any objection or concern with respect to the Settlement Agreement raised by the Independent Fiduciary.

**3.1.4**   The Independent Fiduciary shall notify the Plan's fiduciaries of its determination in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.  Defense Counsel shall provide Class Counsel with a copy of the Independent Fiduciary's written determination within five (5) calendar days of receipt.

**3.1.5**   Independent Fiduciary Fees and Costs shall be paid from the Gross

Settlement Amount as provided in Section 4.7.1.

**3.2** ***CAFA Notice.*** Within ten (10) calendar days after the filing of the Preliminary Approval Motion, Defendants shall comply with the notice requirements of CAFA.

**3.3** ***Preliminary Approval Motion.*** Promptly upon execution of the Settlement Agreement by all Parties, Plaintiffs will move for entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit 1 to the Settlement Agreement. Such order shall, at a minimum, seek preliminary approval of the Settlement Agreement, authorize the dissemination of the Class Notice to the Class, and set a date for the Fairness Hearing which is no sooner than 120 calendar days after the date the Preliminary Approval Order is entered. Defendants stipulate and agree to the propriety of the aforementioned relief and may not oppose the motion insofar as it seeks such relief, but reserve the right to submit a filing relating to the motion.

**3.4** ***Class Certification Motion.*** In conjunction with her Preliminary Approval Motion, Plaintiffs shall move the Court for certification of the Class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1). Solely for purposes of the settlement embodied in this Settlement Agreement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Federal Rules 23(a) and 23(b)(1); and (b) certification of Plaintiffs as Class Representatives for the Class pursuant to Federal Rule 23(g). If the Court does not issue the Final Approval Order and Judgment, then no Class shall be deemed to have been certified by or as a result of this Agreement, Defendants shall not be deemed to have admitted the propriety of certification of the Class under any provision of Federal Rule of Civil Procedure 23, and the Action shall for all purposes revert to its status prior to the date of this Settlement Agreement.

**3.5** *Class Notice.* In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Settlement Administrator to mail the Class Notice to each Class Member and to mail the Former Participant Claim Form to each Former Participant. The Class Notice shall be sent by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plan Recordkeeper through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan Recordkeeper. The Former Participant Claim Form shall be included with the Class Notice that is mailed to the Former Participants. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Class Notice is returned and re-mail such documents one additional time.

**3.6** *Final Approval.* Plaintiffs, through Class Counsel, shall move the Court for final approval of the Settlement Agreement no later than the deadline set by the Court in the Preliminary Approval Order, or as may be extended by the Court. On or after the date set by the Court for the Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court shall determine, among other things: (a) whether to enter the Final Approval Order and Judgment finally certifying the Class and approving the Settlement Agreement; and (b) what, if any, award of Attorneys' Fees and Expenses should be awarded to Class Counsel pursuant to Article VIII of this Settlement Agreement.

## ARTICLE IV
## THE QUALIFIED SETTLEMENT FUND

**4.1** *Establishment of the Qualified Settlement Fund.* Class Counsel shall establish, or shall cause the Settlement Administrator to establish, the Qualified Settlement Fund with the Escrow Agent. The Parties agree that the Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the

Internal Revenue Code and Treas. Reg. § 1468B-1, and will be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified plans.  The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment.  The Qualified Settlement Fund shall be governed by this Settlement Agreement.  Class Counsel shall provide to Defendants: (i) written notification of the date of establishment of the Qualified Settlement Fund; (ii) written notification of the following information regarding the Escrow Agent and Qualified Settlement Fund:  the Escrow Agent's name and address, any applicable ABA number, account number, account name, the applicable IRS Form W-9 and taxpayer identification number, and any additional information needed for Defendants to deposit the Gross Settlement Amount into the Qualified Settlement fund.

   **4.2**    ***Defendants' Payment Obligation.***  Within thirty (30) days of the entry of the Preliminary Approval Order, Defendants shall pay $50,000 into the Qualified Settlement Fund to allow for payment of initial Administrative Expenses and Independent Fiduciary Expenses that may arise before the Court's entry of the Final Approval Order and Judgment.  However, if Plaintiffs' Counsel has not provided Defendants with the notifications and information required in Section 4.1 within twenty (20) days of the entry of the Preliminary Approval Order, then the deadline for depositing this amount shall be extended to ten (10) calendar days after the date on which Plaintiffs' Counsel provides the required notifications and information.  Within thirty (30) calendar days of the Effective Date of the Settlement Agreement, Defendants shall pay an additional $565,000 into the Qualified Settlement Fund.  The sum of these two payments, $615,000, shall constitute the "Gross Settlement Amount."  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made on behalf of Defendants in connection with the Settlement effectuated through this

Settlement Agreement.  Defendants and their insurers will make no additional payment in connection with the Settlement of the Action.  In the event there is no Final Approval Order and Judgment that becomes Final, then the Gross Settlement Amount, plus any interest earned and less any Administrative Expenses and Independent Fiduciary Expenses already incurred, shall be returned to Defendants pursuant to Section 9.3.

    **4.3**     ***Defendants' Obligations Regarding Class Member Data.***  Defendants shall work with the Plan Recordkeeper to provide data regarding Class Members (including but not limited to contact information, participation status during the Class Period, Beneficiary and Alternate Payee information (as applicable), and quarterly-ending account balances throughout the Class Period) to the Settlement Administrator and/or Class Counsel, as reasonably requested by the Settlement Administrator and/or Class Counsel, for purposes of administering the Plan of Allocation.  Defendants shall be responsible for any payments, costs, and fees incurred in providing the data described above.  Neither Defendants nor their insurer shall be responsible for any payments, costs, fees or other charges in connection with any transfer(s) from the Qualified Settlement Fund into Active Accounts.

    **4.4.**     ***No Additional Obligations.***  Defendants and the other Released Parties shall not be responsible for any payments, costs or fees whatsoever under the Settlement Agreement except as expressly set forth in this Article.  The Gross Settlement Amount shall be the full and sole monetary contribution made by the Released Parties in connection with this Settlement Agreement.  Any award of Attorneys' Fees and Costs, any Administrative Expenses, and any other claim for expenses relating to the Action and the Settlement, shall be paid from the Gross Settlement Amount.  All taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be the

responsibility of Plaintiffs and Class Counsel and shall be paid out of the Qualified Settlement Fund.

      **4.5**    ***Administration of the Qualified Settlement Fund.***  Subject to Court approval and oversight, the Qualified Settlement Fund shall be controlled by the Settlement Administrator. The Settlement Administrator shall be the "administrator" of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3) and shall be solely responsible for filing tax returns for such account and paying from such account any Taxes owed with respect to the account.  The Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Article.  It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, all necessary documentation for signature by all necessary parties, and thereafter to cause all appropriate filings to be timely made.  Neither Defendants, Defendants' Counsel, the Released Parties, Plaintiffs, or Class Counsel shall have any liability whatsoever for the acts and omissions of the Settlement Administrator.  The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion of the Qualified Settlement Fund except as provided for in this Agreement, by an order of the Court, or with the prior written agreement of Class Counsel and Defendants' Counsel.

                **4.5.1**  The Settlement Administrator is authorized to execute transactions on behalf of Class Members that are consistent with the terms of this Agreement and with orders of the Court.

                **4.5.2**  All funds held in the Qualified Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

**4.5.3**    The Settlement Administrator shall, to the extent practicable and prudent, invest the Qualified Settlement Fund in discrete and identifiable instruments backed by the full faith and credit of the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Settlement Administrator shall maintain records identifying in detail each instrument in which the Qualified Settlement Fund or any portion thereof has been invested, and identifying the precise location (including any safe deposit box number) and form of holding of each such instrument.  Neither the Qualified Settlement Fund nor any portion thereof shall be commingled with any other monies in any instruments.  Any cash portion of the Qualified Settlement Fund not invested in instruments of the type described in the first sentence of this Section 4.5.3 shall be maintained by the Settlement Administrator, and not commingled with any other monies, in a bank account, which shall promptly be identified to the Parties at any Party's request by bank and account number and any other identifying information.  The Settlement Administrator and Class Members shall bear all risks related to investment of the Qualified Settlement Fund.  All income, gain, or loss earned by the investment of the Qualified Settlement Fund shall be credited to the account established by the Escrow Agent.

**4.5.4**    All taxes on the income of the Qualified Settlement Fund (for purposes of this Article, "Taxes") and expenses and costs incurred in connection with the taxation of such account (including expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of

the Qualified Settlement Fund.

**4.5.5**   Beginning thirty (30) calendar days after the entry of the Preliminary Approval Order, and on every thirtieth (30th) calendar day thereafter, the Settlement Administrator shall provide the Parties with a detailed accounting of any Administrative Expenses expended to date.  Any disputes as to whether amounts billed by the Settlement Administrator are reasonable and necessary under this Agreement shall be resolved by the Court.

**4.6**   ***Plan of Allocation.***  Class Counsel shall propose to the Court a Plan of Allocation for approval in substantial conformity to the one attached as Exhibit 3 to the Settlement Agreement, which shall provide the methodology for calculating, allocating and distributing the Net Settlement Amount.  Defendants may not take any position on the Plan of Allocation, but reserve the right to review and comment on a draft of the Plan of Allocation prior to its presentation to the Court for approval.  Defendants' sole responsibility relating to the Plan of Allocation is to work with the Plan Recordkeeper to provide data regarding Class Members as described in this Article.  Notwithstanding anything else in this Agreement, any revisions to the Plan of Allocation that would increase the Gross Settlement Amount or require Defendants or any Released Party to incur additional expenses or costs or to provide data not reasonably available shall be deemed a material alteration of this Agreement and shall entitle Defendants, at their election, to terminate the Agreement.

**4.7**   ***Distributions to Class Members.***

**4.7.1**   Subject to Court approval and oversight, the Qualified Settlement Fund shall be distributed as follows:  (a) first, to pay all Administrative Expenses, Taxes, Tax-Related Costs and Independent Fiduciary Fees and Costs; (b) second,

to pay all Attorneys' Fees and Expenses approved by the Court; and (c) third, to make distributions to Class Members pursuant to the Plan of Allocation.  The portion of the Qualified Settlement Fund that remains after payment of the items listed in (a) and (b) of this subsection shall constitute the "Net Settlement Amount."  Within thirty (30) days after the Effective Date, the Settlement Administrator shall calculate and set aside a contingency reserve for unpaid and estimated future Administrative Expenses and estimated adjustments for data or calculation errors.

**4.7.2**   After the Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed in accordance with the Plan of Allocation approved by the Court.  The Settlement Administrator shall bear sole responsibility for calculating the amounts distributable to Class Members pursuant to the Plan of Allocation.  To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant, a Former Participant, a Beneficiary or an Alternate Payee.  The Settlement Administrator shall be solely responsible for attempting to locate missing Class Members, and neither Defendants, the Plan Administrator, nor the Plan Recordkeeper shall have any responsibility for locating missing Class Members.

**4.7.3**   Class Members who receive a check from the Settlement Administrator under the Plan of Allocation must deposit or cash their checks within one hundred and eighty (180) calendar days of issuance.  Any check that is not cashed as of that time will be void, and the Settlement Administrator shall be instructed to return any such funds to the Qualified Settlement Fund.  This limitation shall be

printed on the face of each check.  Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Class Members where it determines that there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation.  The avoidance of checks shall have no effect on the Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

**4.7.4**    Each Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, Defendants' Counsel, the Released Parties, Class Counsel, and the Settlement Administrator harmless from (a) any tax liability, including, without limitation, penalties and interest, related in any way to payments or credits under the Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

**4.7.5**    Any funds associated with checks that are not cashed within one hundred and eighty (180) calendar days of issuance and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and any funds remaining after the payment of any applicable Taxes by the Escrow Agent, shall be returned to the Qualified Settlement Fund by the Settlement Administrator to be distributed as described in the Plan of

Allocation.

**4.8**   ***Excess Funds Following Distribution.***   Any portion of the Net Settlement Amount that is remaining in the Qualified Settlement Fund after the payment of all items listed in subparts (a)-(c) of Section 4.7.1 and the completion of distributions to Class Members pursuant to the Plan of Allocation shall revert to NCL after two years, to be used to defray Plan expenses.

**ARTICLE V**
**RELEASES AND COVENANT NOT TO SUE**

**5.1**   ***Release by Plaintiffs, Class Members and the Plan.***   As of the Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 3.1), Plaintiffs and all Class Members (and their respective beneficiaries, heirs, descendants, dependents, marital community, administrators, executors, representatives, predecessors, successors and assigns) fully, finally and forever release, settle, relinquish, waive and discharge the Released Parties from the Released Claims.  Plaintiffs, Class Members, Class Counsel and the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with Defendants or the decision to release, relinquish, waive and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement Agreement. Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the Effective Date, be deemed to have, and by operation of the Final Approval Order and Judgment, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims (including Unknown Claims).  The Class Members and the Plan acknowledge and shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged that the foregoing release was bargained for separately and is a key element

of the settlement embodied in the Settlement Agreement.

**5.2** ***Covenant Not To Sue by Plaintiffs, Class Members and the Plan.*** As of the Effective Date, Plaintiffs, all Class Members and the Plan are enjoined from instituting, maintaining, prosecuting or asserting any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement. Should Plaintiffs or Class Members breach the terms of this Section 5.2, any adversely affected Released Party may recover its attorneys' fees and costs it may incur to enforce the provisions of this Section 5.2 following provision of notice and a reasonable opportunity for the breaching party to cure the breach.

**5.3** ***Release by Defendants.*** As of the Effective Date, Defendants (on behalf of themselves and any successors-in-interest) each shall fully, finally and forever release, settle, relinquish, waive and discharge, and shall forever be enjoined from instituting, maintaining, prosecuting or asserting any cause of action, demand, or claim against the other Released Parties, Plaintiffs, the Plan, Class Members and Class Counsel on the basis of, connected with, or arising out of the prosecution of the Action.

**ARTICLE VI**
**REPRESENTATIONS, WARRANTIES AND FURTHER AGREEMENTS**

**6.1.** ***Representations and Warranties by All Parties.*** The Parties represent:

**6.1.1** That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder

and regarding all matters that relate in any way to the subject matter hereof.

**6.1.2**   That they assume the risk of mistake as to facts or law.

**6.1.3**   That they recognize that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement Agreement.

**6.1.4**   That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing the Settlement Agreement on behalf of each of the Parties.

**6.1.5**   That they have made such investigation of the facts pertaining to the Settlement Agreement and all matters pertaining thereto, as they deem necessary.

**6.2.**   ***Representations by Signatories.***   Each individual executing this Settlement Agreement on behalf of a settling Party does hereby personally represent and warrant that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**6.3.**   ***Additional Representations by Named Plaintiffs.***   Named Plaintiffs Grace Angelo and Kerstin Thompson represent that they have not assigned or otherwise transferred any interest in any Released Claim against any Released Party, and that they shall not assign or otherwise transfer any interest in any Released Claim prior to the Effective Date.  Plaintiffs, on behalf of themselves and the Class, will have no surviving claims or causes of action against the Released Parties for the Released Claims, from and after the Effective Date.

**ARTICLE VII**
**NO ADMISSION OF LIABILITY**

The Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Agreement, including the furnishing of

26

consideration for this Settlement Agreement, shall be deemed to constitute any finding or admission of any wrongdoing or liability by any of the Defendants, or give rise to any inference of wrongdoing or liability in the Action or any other proceeding.  This Agreement and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.  The Defendants specifically deny any such liability or wrongdoing, and state that they are entering into the Agreement solely to eliminate the burden and expense of protracted litigation.  Further, Plaintiffs have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, themselves, and the Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA lawsuits, like the Action.  Neither the fact of this Settlement nor the terms of this Settlement Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement, whether affirmatively or defensively.

**ARTICLE VIII**
**ATTORNEYS' FEES AND EXPENSES**

Class Counsel may file a motion for an award of Attorneys' Fees and Costs not to exceed one-third of the Gross Settlement Amount, which is equivalent to $205,000.00 in attorneys' fees, plus reasonable litigation expenses advanced and carried by Class Counsel for the duration of the Action.  Such motion shall be filed no later than thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the Settlement.  Any amount awarded by the Court in response to such motion shall be paid by the Settlement Administrator solely out of the Gross Settlement Amount and shall (if approved by the Court) be deducted from the Qualified Settlement Fund prior to the distribution of the Net Settlement Amount to the Class Members. The procedure for the allowance or disallowance by the Court of any award of Attorneys' Fees

and Costs shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the motion, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

### ARTICLE IX
### TERMINATION OF THE SETTLEMENT AGREEMENT

**9.1**      *Grounds for Automatic Termination.*  The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**9.1.1**   Pursuant to Section 3.1, the Independent Fiduciary does not approve the Plan's release of Released Claims or the Settlement Agreement, or the Plan's fiduciaries reasonably conclude that the Independent Fiduciary's approval does not meet the requirements of PTE 2003-39; and (b) the settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary that would satisfy the requirements of PTE 2003-39.

**9.1.2**   The Preliminary Approval Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Parties or in a form which is otherwise agreed to by the Parties.

**9.1.3**   The Class is not certified pursuant to Fed. R. Civ. P. 23(b)(1) and/or (b)(2) as defined herein or in a manner which is otherwise agreed to by the Parties.

**9.1.4**   The Settlement Agreement is disapproved by the Court or the Final Approval Order is reversed, vacated or modified on appeal or for any other reason fails to become Final, and the Parties do not agree to modify the terms of the Settlement to facilitate a final approval order that becomes Final.

**9.2** ***Parties' Obligation to Confer.*** If the Preliminary Approval Order is not entered by the Court in substantially the form submitted by the Parties, the Parties will confer in good faith in an effort to reach agreement on modifying the Settlement Agreement and/or filing an amended motion to obtain preliminary approval.

**9.3** ***Effect of Termination.*** If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, then, (a) the Action shall revert to its status as of the date of this Settlement Agreement as though the Parties never executed the Settlement Agreement; (b) no Released Claims shall be deemed to have been released by virtue of the existence of this Settlement Agreement; (c) all funds deposited in the Qualified Settlement Fund and any interest earned thereon, less Administrative Expenses incurred prior to termination, shall be returned to Defendants within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void; and (d) the certification of the Class shall be vacated and the Action shall proceed as if the Class had never been certified.

**9.4** ***Effect of Denial or Partial Denial of Request for Attorneys' Fees and Costs.*** It shall not be deemed a failure to approve the Settlement Agreement or a ground for termination if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs.

**9.5** ***Survival.*** This Article IX shall survive any termination of the Settlement Agreement, as will Sections 4.1, 4.5 (including its subparts), 4.7.4 and 4.7.5.

## ARTICLE X
## GENERAL PROVISIONS

**10.1** ***Governing Law.*** This Settlement Agreement shall be governed by the laws of the United States of America, to the extent applicable, and otherwise in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida relating to contracts made and to be performed in Florida.

10.2     *Dispute Resolution.*  Any controversies or disputes relating to compliance with this Settlement Agreement, with the exception of any and all controversies or disputes concerning compliance with Article V of this Settlement Agreement, shall be resolved as follows:

10.2.1  The Party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other Party, including in such notice (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a description of the alleged non-compliance; (c) a description of the remedial action sought; and (d) a concise statement of the facts, circumstances, and arguments supporting the position of the party raising the dispute.

10.2.2  Within twenty (20) calendar days after receiving the notice described in Section 10.2.1, the receiving party shall respond in writing with its position and any facts, circumstances and arguments supporting its position.

10.2.3  For a period of not more than twenty (20) calendar days of delivery of the response described in Section 10.2.2, the Parties shall undertake good-faith negotiations to attempt to resolve the dispute.

10.2.4  If the dispute is not resolved during the period described in Section 10.2.3, the Parties shall mediate the dispute with a mutually agreed mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute set forth in the initial notice and response.  The Parties shall share the cost for engaging said mediator.

10.2.5  Within thirty (30) calendar days after the conclusion of the Mediator's attempt to resolve the dispute (which date shall be determined in writing by

agreement of the settling Parties or by the mediator), if the dispute persists, any Party may request that the Court resolve the dispute.

**10.2.6**  The Parties will attempt to resolve any disputes quickly, expeditiously, inexpensively and in good faith.

**10.2.7**   In connection with any disputes concerning compliance with the Settlement Agreement (except for any disputes concerning compliance with Article V of the Settlement Agreement), each Party shall bear its own fees and costs unless the Court orders otherwise.

**10.3**   *Jurisdiction of the Court.*   The Court shall have personal jurisdiction over the Class Members and Defendants and shall maintain that jurisdiction for purposes of resolving any disputes concerning compliance with the Settlement Agreement.

**10.4**   *Counterparts.*   This Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or electronic means shall be deemed an original signature for purposes of this Settlement Agreement.  The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**10.5**   *Advice of Counsel.*   The Parties hereby acknowledge that they have consulted with and obtained the advice of counsel prior to executing this Settlement Agreement.

**10.6**   *Headings.*   Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.  References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein.

Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

      **10.7**   *Amendments.*  Before entry of the Final Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of the Parties with notice to be given to the Court of the agreed modification or amendment. Following entry of the Final Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties, and only if the modification or amendment is approved by the Court.

      **10.8**   *Entire Agreement.*  This Settlement Agreement and the attached exhibits constitute the entire agreement among the Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the attached exhibits.

      **10.9**   *Waiver.*  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Party shall not be deemed or construed as a waiver of any other breach or waiver by any other Party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

      **10.10**   *Cooperation.*  The Parties agree, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement. The undersigned counsel, on behalf of themselves and the Parties, agree to cooperate fully with each other in seeking Court approvals of the

Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

      **10.11** *Exhibits.* All of the attached exhibits are incorporated by reference as though fully set forth herein. The exhibits shall be:  Exhibit 1 — Preliminary Approval Order; Exhibit 2 — Final Approval Order; Exhibit 3 — Plan of Allocation; Exhibit 4 — Notice of Class Action Settlement and Fairness Hearing to Current and Former Participants; Exhibit 5— Former Participant Claim Form; Exhibit 6 — CAFA Notice.

      **10.12** *Construction of the Settlement Agreement.* No provision of the Settlement Agreement or of the attached exhibits shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

      **10.13** *Notices.* Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier:

        IF TO THE CLASS REPRESENTATIVES:

          Brandon J. Hill
          Luis A. Cabassa
          Amanda E. Heystek
          WENZEL FENTON CABASSA, P.A.
          1110 N. Florida Ave., Suite 300
          Tampa, Florida 33602
          Main: 813-224-0431
          Facsimile: 813-229-8712
          Email: bhill@wfclaw.com
          Email: lcabassa@wfclaw.com

Email: aheystek@wfclaw.com

IF TO DEFENDANTS:

W. Bard Brockman
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1200 West Peachtree Street N.W.
Atlanta, Georgia 30309
Phone: 1-404-572-4507
bard.brockman@bclplaw.com

**10.14** ***Communications with Participants.*** Nothing in this Settlement Agreement shall prevent or inhibit Defendants' ability to communicate with former, active, or inactive participants of the Plan.


[SIGNATURES ON NEXT PAGE]

_____
[NAMED PLAINTIFF GRACE ANGELO]

_____
[NAMED PLAINTIFF KERSTIN THOMPSON]


Approved as to form:

_____
[CLASS COUNSEL]


[Signatures continued]

NCL Corporation Ltd.

By: _____

Title: _Executive Vice President and General Counsel_
       8/31/2023

NCL (Bahamas) Ltd.

By: _____

Title: _Executive Vice President and General Counsel_
       8/31/2023

Approved as to form:

_____

W. Bard Brockman
Counsel for Defendants
                          8/31/2023

36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22962-CIV-SINGHAL

GRACE ANGELO on behalf of the
NCL 401(K) Plan, herself,
and all others similarly situated

Plaintiff

v.

NCL CORPORATION, LTD.

Defendants
_____/

## GRACE ANGELO' NOTICE OF CONSENT

Plaintiff Grace Angelo consents to settlement in this matter as previously reached

between the parties.  The parties have exchanged settlement papers and they should be

signed by parties shortly.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-
mailed by ECF  this 1  day of August  2023: counsel of record

Behren Law Firm
1930 N. Commerce Parkway-Suite 4
Weston, FL 33326
(954) 636-3802 - phone
(772) 252-3365 - fax
scott@behrenlaw.com

By:/Scott M. Behren/
    Scott M. Behren
    Fla Bar No. 987786

# Exhibit 1
## to Settlement Agreement
## (Proposed Preliminary Approval Order)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:22-cv-22962-AHS**

**GRACE ANGELO and KERSTIN THOMPSON,**
**on behalf of the NCLC 401(k) Plan,**
**themselves and all others similarly situated,**

      **Plaintiffs,**

**v.**

**NCL CORPORATION LTD, and**
**NCL (BAHAMAS) LTD., A BERMUDA**
**COMPANY,**

      **Defendants.**

_____/

**[PROPOSED ORDER] GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER is before the Court on Named Plaintiffs Grace Angelo's and Kerstin Thompson's Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement ("Motion"). The Court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is

**ORDERED** as follows:

1.    **Settlement Class Findings and Certification**: Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been met as to the Settlement Class, and hereby certifies the Settlement Class, which is defined as:

**The NCLC Settlement Class**:

All persons who participated in the NCLC 401(k) Plan at any time from September 16, 2016, through March 31, 2023 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Settlement Class Period.

Excluded from this Settlement Class are the following individuals: Lynn White, Howard Flanders, Faye Ashby, Mark Kansley, Steve Roth, Daniel S. Farkas, Jeffrey Anderson, Francisco "Frank" J. Del Rio, Harry Sommer, David Herrera, Andrea DeMarco a/k/a Andrea Sieger, Frank A. El Rio and Robin Lindsay.

A.      The Court finds that Rule 23(a)(1) is satisfied because there are over 20,000 potential Settlement Class Members making joinder impracticable.

B.      The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plans, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; whether the Plan suffered losses resulting from each breach of duty; and what Plan-wide equitable and other relief, if any, the Court should impose in light of Defendants' alleged breach of duty.

C.      The Court finds that Rule 23(a)(3) is satisfied because the claims of the Plaintiffs are typical of the claims of the Settlement Class because they all arise from conduct allegedly adversely affecting the Plan.

D.      The Court finds that Rule 23(a)(4) is satisfied.  . The Court finds there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class. Instead, they share the same objectives, share the same factual and legal positions, and share the same interest in establishing Defendants' liability. Additionally, Class Counsel (defined below) is qualified, reputable, and has substantial experience in ERISA class actions.

E. The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for Defendants, and that adjudication as to individual Settlement Class Members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impeded those persons' ability to protect their interests.

F. The Court finds that Rule 23(g) is satisfied because the law firms Wenzel Fenton Cabassa, P.A. and McKay Law, LLC ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. These firms are experienced in ERISA class actions and are knowledgeable of the applicable law. These firms also have done substantial work on this case, including investigation; motion practice; significant pre-litigation administrative exhaustion efforts; and other efforts to represent the interests of the Settlement Class and the Plaintiffs.

2. **Appointment of Class Representatives and Class Counsel:** The court appoints the Named Plaintiffs, Grace Angelo and Kerstin Thompson, to represent the Settlement Class, and the law firms Wenzel Fenton Cabassa, P.A. and McKay Law, LLC, as Class Counsel.

3. **Preliminary Findings Regarding Proposed Settlement**: The Court Preliminarily finds that:

A. The proposed Settlement resulted from extensive arm's-length negotiations;

B. The Settlement Agreement was executed only after the parties engaged in substantial settlement negotiations, including discovery concerning the substantive merits and defenses to Plaintiffs' claims, private mediation supervised by a nationally-recognized mediator

3

who has extensive experience handling similar types of cases, and months of further negotiations thereafter to finalize the terms of the Settlement;

        C.     Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate;

        D.     The Settlement Agreement negotiated by Class Counsel further requires that a mutually agreed independent fiduciary will serve as a fiduciary to the Plan for purposes of approving and authorizing the Settlement on behalf of the Plan; and

        E.     The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class Members.

    4.     **Final Fairness Hearing**: A hearing is scheduled at the United States District Court for the Southern District of Florida, the Honorable District Court Judge Raag Singhal, at the U.S. Federal Building and Courthouse 299 East Broward Boulevard, Courtroom 110, Fort Lauderdale, Florida 33301 a.m./p.m. on         , 202_, [not less than 120 days from entry of this Order] (the "Final Fairness Hearing") to determine, among other issues:

        A.     Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

        B.     Whether the Settlement Notice and notice methodology were performed as directed by this Court; and,

        C.     Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved.

    5.     **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Angelo v. NCLC* ERISA Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund

shall be a "qualified settlement fund" within the meaning of Treasury Regulations §1.468- 1(a) promulgated under §468B of the Internal Revenue Code. The Settlement Fund shall be administered as follows:

A.     The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Plaintiffs and the Settlement Class Members as specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes and tax expenses, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B.     Within the time periods set forth in the Settlement Agreement, Defendants or their insurer(s) shall cause the Gross Settlement Amount to be deposited into the Settlement Fund.

C.     The Court appoints American Legal Claim Services, LLC, as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

D.     Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation §1.468B-3(e)(2), which may be a combined statement under Treasury Regulation §1.468B-3(e)(2)(ii) and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Settlement Fund.

E.      Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

F.      The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

G.      The Gross Settlement Amount caused to be paid by Defendants and/or their insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose;

and the Settlement Fund and income earned thereon, shall immediately be returned to the entity or entities that funded the Settlement Fund.

H.      The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I.      The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

J.      The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Settlement Class Members will be subject to tax withholding as required by law and as described in the Settlement Notice and its attachments. In addition, all Administrative Expenses and all Attorneys' Fees and Costs shall be paid from the Settlement Fund.

K.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement

Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

       L.     The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

       M.     The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

       N.     The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with

the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.      **Settlement Notice**: The Settling Parties have presented to the Court a proposed form of Settlement Notice, which is appended to the Settlement Agreement.

A.      The Court finds that the proposed notice, and the website referenced in the Settlement Notice, fairly and adequately:

(i)     Describe the terms and effect of the Settlement Agreement and of the Settlement;

(ii)    Notify the Settlement Class concerning the Plan of Allocation;

(iii)   Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Attorneys' Fees and Costs;

(iv)    Notify the Settlement Class that Administrative Expenses related to the Settlement will be paid from the Settlement Fund;

(v)     Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

(vi)    Describe how the recipients of the Settlement Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B.      The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall, by no later than sixty (60) days before the Fairness Hearing, cause the Settlement Notice (and Former Participant Claim Forms, as appropriate), with such non-substantive modifications thereto as may be agreed upon by the

Settling Parties, to be sent by email to all Settlement Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of each Settlement Class Member for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Settlement Class (and Former Participant Claim Forms) in the manner described.  Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers of the Settlement Class Members. The names, addresses, email addresses (the extent available), and social security numbers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.    For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided social security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.    At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing requirements.

E.    The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to direct the Settlement Administrator to publish the Settlement Notice (and Former Participant Claim Form) on the Settlement Website.

6.    **Objections to Settlement**: Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term

of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, must file an objection in the manner set out in this Order.

        A.     A Settlement Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and costs must do the following: (i) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> U.S. Federal Building and Courthouse
> 299 East Broward Boulevard
> Fort Lauderdale, Florida 33301
> re: Thompson v. NCL Corporation LTD, et al.,
> Case No.: 1:22-cv-22962
>
> WENZEL FENTON CABASSA, P.A.
> Attn: Brandon J. Hill (bhill@wfclaw.com)
> 1110 N. Florida Ave., Suite 300
> Tampa, FL 33602
> *Class Counsel*
>
> W. Bard Brockman
> Bryan Cave Leighton Paisner LLP
> One Atlantic Center, 14th Floor
> 1200 West Peachtree Street N.W.
> Atlanta, Georgia 30309
> *Attorneys for Defendants*

        B.     The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

C.      If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

D.      Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.      Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than seven (7) calendar days before the Fairness Hearing.

7.      **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

8.      **Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator either electronically, or by mail with a postmark date, no later than [10 calendar days before the Fairness Hearing].

9.      **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

10.     **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

11.     **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Plaintiffs or the Settlement Class Members that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

12.     **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, Defendants, Plaintiffs, every Settlement Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action in any court or tribunal asserting any of the Plaintiffs' Released Claims or

Defendants Released Claims against the Released Defendants Parties or Released Plaintiffs' Parties.

13.     **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 5 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

14.     **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any Settlement Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness Hearing.

15.     **Final Hearing May Be Held Via Zoom**:  Due to the ongoing COVID-19 pandemic, the Final Fairness Hearing may be held via Zoom without additional notice to class members.

       **DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this ___ day of _____.

                                                _____
                                                **THE HONORABLE RAAG SINGHAL**
                                                **U.S. DISTRICT COURT JUDGE**

cc: All counsel of record

14

# EXHIBIT 2

## to Settlement Agreement
## (Proposed Final Approval Order)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:22-cv-22962-AHS**

**GRACE ANGELO and KERSTIN THOMPSON,**
**on behalf of the NCLC 401(k) Plan,**
**themselves and all others similarly situated,**

      **Plaintiffs,**

**v.**

**NCL CORPORATION LTD, and**
**NCL (BAHAMAS) LTD., A BERMUDA**
**COMPANY,**

      **Defendants.**

_____/

**[PROPOSED ORDER] GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Upon consideration of the Plaintiffs' Unopposed Motion for Final Approval of the Settlement of the above-referenced litigation under the terms of a Class Action Settlement Agreement dated [_____], (the "Settlement Agreement"), the Court hereby **ORDERS** as follows:

1.    For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2.    As described in the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement (DE __), this litigation arises out of alleged breaches of fiduciary duties against NCL Corporation LTD. and NCL (Bahamas) LTD, a Bermuda Company (collectively "Defendants"), under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1001, et seq., with respect to the management, operation, and administration

of the NCLC 401(k) Plan ("the Plan").  The Court preliminarily approved this Settlement on [_____], 2023 (DE __).

3.      In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Settlement Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. §1711, et seq., notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides and the Attorney General of the United States.

4.      The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

5.      All requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq*., have been met, and Defendants have satisfied all of their obligations under the Class Action Fairness Act.

6.      Settlement Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

7.      [Each and every objection to the Settlement is overruled with prejudice.]

8.      The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan

and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

9.      The operative complaint and all claims asserted therein and in the original complaint in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties, Defendants, and Released Parties other than as provided for in the Settlement Agreement.

10.      As of the Settlement Effective Date, Plaintiffs, the Plan, and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Settlement Class Members have received a monetary benefit from the Settlement, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

11.      As of the Settlement Effective Date, Plaintiffs, the Plan, and the Settlement Class Members expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out

3

of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

12.     Class Counsel, Plaintiffs, Settlement Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, Plaintiffs, Settlement Class Members, and the Plan shall expressly, upon the entry of this Final Order, be deemed to have, and, by operation of this Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. Plaintiffs, Settlement Class Members, and the Plan acknowledge and shall be deemed by operation of this Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

13.     Each Plaintiff, each Settlement Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of this Final Order, the Settlement Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected

4

his or her settlement with the debtor or released party." Also, the Plaintiffs, Settlement Class Members, and the Plan shall, upon entry of this Final Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

14.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Settlement Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

15.     Each Plaintiff and Settlement Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

16.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation approved by the Court.

17.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance.

18.     With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

19.     Within seven (7) calendar days following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

20.     Upon entry of this Order, Plaintiffs, Settlement Class Members, and the Plan shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this ___ day of _____.

_____
**THE HONORABLE RAAG SINGHAL**
**U.S. DISTRICT COURT JUDGE**

cc: All counsel of record

# EXHIBIT 3

**to Settlement Agreement
(Proposed Plan Allocation)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:22-cv-22962-AHS**

**KERSTIN THOMPSON,**
**on behalf of the NCLC 401(k) Plan,**
**herself, and all others similarly situated,**

      **Plaintiff,**

**v.**

**NCL CORPORATION LTD, and**
**NCL (BAHAMAS) LTD., A BERMUDA**
**COMPANY,**

      **Defendants.**

_____/

**PROPOSED PLAN OF ALLOCATION**

Payments to Authorized Former Participants and Current Participants (including Beneficiaries and Alternate Payees) shall be calculated by the Settlement Administrator pursuant to the following Plan of Allocation:

1.    The Settlement Administrator will calculate an average account balance for each Authorized Former Participant and Current Participant based on his or her total quarter-ending account balance invested in the Plan for the Class Period ("Average Account Balance").

2.    The Settlement Administrator will sum the Average Account Balances for all Authorized Former Participants and Current Participants.

3.    The Settlement Administrator will then determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's pro-rata share of the Net Settlement Amount based on his or her Average Account Balance compared to the sum of the Average Account Balances for all Authorized Former Participants and Current Participants.

4.      If the dollar amount of the settlement payment to an Authorized Former Participant is calculated by the Settlement Administrator to be less than $5.00, then that Authorized Former Participant's payment or pro rata share shall be zero for all purposes.

5.      The total amount of payments to Class Members pursuant to this Plan of Allocation may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement  Administrator is authorized to make such pro rata changes to the Plan of Allocation as are necessary to ensure that said total does not exceed the Net Settlement Amount.

6.      The Settlement Administrator's calculations regarding settlement payments will be final and binding under the Court-approved Plan of Allocation.

# EXHIBIT 4
## to Settlement Agreement
## (Notice to Both Current and Former Participants)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:22-cv-22962-AHS

GRACE ANGELO and KERSTIN THOMPSON,
on behalf of the NCLC 401(k) Plan,
themselves and all others similarly situated,

      Plaintiffs,

v.

NCL CORPORATION LTD, and
NCL (BAHAMAS) LTD., A BERMUDA
COMPANY,

      Defendants.

_____/

**IMPORTANT - PLEASE READ THIS NOTICE CAREFULLY**
**THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF**
**YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION**
**ABOUT YOUR RIGHTS TO OBJECT TO THE SETTLEMENT**

*A Federal Court authorized this notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against NCL Corporation LTD., and NCL (Bahamas) LTD., a Bermuda Company ("NCL"). The class action lawsuit involves whether NCL complied with its fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing a defined contribution plan NCL sponsored for employees, including the NCLC 401(k) Plan (the "Plan").  NCL denies any wrongdoing, but agreed to settle this case to avoid the expense, inconvenience, and disruption of class-action litigation.

   The settlement class is defined as: All persons who participated in the NCLC 401(k) Plan at any time from September 16, 2016, through March 31, 2023 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in any the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Settlement Class Period.
   Excluded from this Settlement Class are the following individuals: Lynn White, Howard Flanders, Faye Ashby, Mark Kansley, Steve Roth, Daniel S. Farkas, Jeffrey Anderson, Francisco "Frank" J. Del Rio, Harry Sommer, David Herrera, Andrea DeMarco a/k/a Andrea Sieger, Frank A. El Rio and Robin Lindsay.

-

- NCL has agreed to pay $615,000 into a settlement fund. Settlement Class Members are eligible to receive a pro rata share of the Settlement Amount remaining after payment of notice and administrative expenses, taxes and tax expenses, attorneys' fees and expenses that the Court awards to Class Counsel (the "Net Settlement Amount"). The amount of each Settlement Class Member's payment is based on his or her average account balance in the Plan during the Settlement Class Period. Payments to Current Participants will be deposited into their active account(s) in the Plan. Payments to certain Zero Account Balance Current Participants, Authorized Former Participants, Beneficiaries and Alternate Payees will be made directly by check. (Unless specified otherwise herein, all capitalized terms are defined in the Settlement Agreement.)

- Please read this notice carefully. Your legal rights are affected whether you act or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO YOU NEED TO FILE A CLAIM?** | If you are a Current Participant, meaning you had a positive balance in the Plan as of March 31, 2023, you do *not* need to submit a claim in order to get a share of the Net Settlement Fund.<br><br>If you are a Former Participant, meaning you participated in the Plan during the Settlement Class Period but did not have a positive balance in any one of those Plans on March 31, 2023, you *must* submit, either electronically or by mail, a Former Participant Claim Form in order to get a share of the Net Settlement Fund. (See the enclosed Former Participant Claim Form for instructions.) |
| **OBJECT BY [DATE, to be set by the Preliminary Approval Order, at least 30 days before the Fairness Hearing]** | If you wish to object to any part of the Settlement or Class Counsel's request for attorneys' fees and expenses, you may (as discussed below) write to the Court to explain why you object. |
| **FINAL HEARING** | If you submit a written objection to the Court and counsel before the deadline above, you may ask to speak at a hearing in Court about the fairness of the Settlement. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing unless you notify the Court and counsel by [_____] [*30 days before the Fairness Hearing*], 2023, of your intention to appear at the hearing. |
| **DO NOTHING** | If you are a Current Participant, you will get a share of the Net Settlement Fund to which you are entitled and will give up your rights to sue NCL about the allegations in this case. If you are a Former Participant, and do not submit a Former Participant Claim Form, you will not get a share of the Net Settlement Fund and will give up your rights to sue NCL about the allegations in this case. |

2

**The Court still has to decide whether to approve this settlement, which may take some time, as explained below**.

## BASIC INFORMATION

### 1.   What is this notice and why should I read it?

The United States District Court for the Southern District of Florida has authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Angelo, et al. v. NCL Corporation, et al*, No. 1:22-cv-22962 (S.D. Fla.) (the "Class Action"), brought on behalf of a class of current and former participants and beneficiaries in the Plan.

You do not need to live in Florida to get a benefit under the Settlement. This notice describes the Settlement. Please read this notice carefully. Your rights and options – **and the deadlines to exercise them** – are explained in this notice. Please understand that if you are a Settlement Class Member, your legal rights are affected regardless of whether you act or not.

### 2.   What is this notice and why should I read it?

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a group of people who allegedly have similar claims. After the parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and preliminarily determined that the case should be treated as a class action for settlement purposes. Among other things, this preliminary approval permits Settlement Class Members to voice their support for or in opposition to the Settlement before the Court makes a final determination of whether to approve the Settlement. In a class action, the court resolves the issues for all class members.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3.   What is this lawsuit about?

Plaintiffs filed a class action complaint against NCL on behalf of a class of participants and beneficiaries in the Plan.  The complaint alleges that NCL breached its fiduciary duties under ERISA—that is, certain responsibilities under federal law—by failing to prudently monitor and manage the Plan's administrative, recordkeeping, and investment fees, as well as certain investment options. A more complete description of what Plaintiffs alleged is in the Complaint and is available on the Settlement Website at www.                              .com.

NCL denies all of Plaintiffs' claims of wrongdoing or liability against it, and asserts that its conduct was lawful.  NCL maintains that, at all relevant times, it has acted prudently and solely in the best interests of the Plan's participants, in accordance with its fiduciary responsibilities under ERISA. Among other things, appropriate fiduciaries monitor, review, and evaluate the Plan's investment options, performance and expenses, and the administrative fees paid by the Plan. NCL is settling the Class Action solely to avoid the expense, inconvenience, and disruption of litigation.

### 4.   Why is there a settlement?

The Court has not conclusively decided in favor of either side in the case. Plaintiffs brought this Class Action under ERISA. Before filing this case, Plaintiffs' counsel conducted a significant, in-depth analysis

3

into Plaintiffs' claims and Defendants' Plan.  By way of specific example, on July 19, 2022, Class Counsel (on behalf of one of the Plaintiffs) sent a letter addressed to NCL "Plan Administrator" which requested certain Plan documents and submitted an administrative claim pursuant to the Plan's mandatory administrative claims review process.  On August 25, 2022, NCL acknowledged receipt of the claim notice, notified Class counsel that the claim notice had been forwarded to the NCL Investment Committee ("Committee") for review, and produced documents in response to Plaintiffs' document requests.  The claim was denied, and Class Counsel submitted an administrative appeal, which was also denied.

During the course of the administrative process, NCL produced over 3,800 pages of documents relevant to Plaintiffs' claims, including (1) the Plan's governing documents and trust agreements, (2) the Plan's mandatory fee-related disclosures, (3) a full set of the Committee's minutes dating back to 2016, along with presentations and reports shared with the Committee at those meetings, (4) the Plan's contracts with Prudential, (5) all versions of the Plan's Investment Policy Statement during the putative class period, (6) documents relating to the Plan's recordkeeping requests for proposal in 2018 and 2022, and (7) relevant quarterly account statements.  On August 25, 2022, Defendants' Plan Administrator responded to Class Counsel's  29 U.S.C. § 1024(b)(4) request for information by providing approximately 3,800 pages of Plan-related documents.  Those documents, in turn, assisted Class Counsel with their analysis of the claims in this case, and the ERISA violations that formed the basis of this lawsuit.

On January 9, 2023, Defendants moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) and for lack of standing pursuant Rule 12(b)(1). (ECF No. 9.) Defendants argued, among other things, that the Complaint failed to allege plausibly that Defendants breached their duty of loyalty, that the Plan paid excessive administrative/recordkeeping fees, or that the Defendants' process for evaluating investment options was deficient. (Id.) Plaintiff Angelo filed her Opposition on January 23, 2023 (ECF No. 17), along with supporting documentation. Additionally, Plaintiff Angelo filed a Motion to Strike Extrinsic Evidence Attached to Defendants' Motion to Dismiss.  (ECF No. 18).  Defendants filed a Reply in support of its Motion to Dismiss (ECF No. 19) on January 30, 2023.  (ECF No. 19).

At that point, the case was stayed to allow the parties sufficient time to mediate this case on a class basis. On April 3, 2023, a full-day videoconference mediation was held with Robert Meyer, Esq. of JAMS, who has extensive experience handling ERISA fiduciary-breach lawsuits similar to this one.  After extensive arms-length negotiations—which lasted into evening—the parties reached a Settlement, the terms of which are memorialized in the Settlement Agreement.  The Parties have now asked the Court to approve their settlement.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5.  How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a member of the Settlement Class:

> All persons who participated in the NCLC 401(k) Plan at any time from September 16, 2016, through March 31, 2023 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in any the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Settlement Class Period.

Excluded from this Settlement Class are the following individuals: Lynn White, Howard Flanders, Faye Ashby, Mark Kansley, Steve Roth, Daniel S. Farkas, Jeffrey Anderson, Francisco "Frank" J. Del Rio, Harry Sommer, David Herrera, Andrea DeMarco a/k/a Andrea Sieger, Frank A. El Rio and Robin Lindsay.

If you meet the definition above, and are not one of the excluded individuals, you are a Settlement Class Member.

## THE SETTLEMENT BENEFITS

### 6.  What does the Settlement provide?

NCL has agreed to pay $615,000 into a Settlement Fund, which includes amounts for expenses associated with administering the Settlement, taxes, tax expenses, as well as, to the extent required and approved by the Court, attorneys' fees and expenses to Class Counsel.  The amount of each Settlement Class Member's payment is based on his or her average account balance in the Plan during the Settlement Class Period.

If you are a Settlement Class Member (*see* Question No. 5) and you are a Current Participant, your payment will be deposited into one or more of your accounts in the Plan, and invested initially in the relevant qualified default investment alternative. If you choose to do so, you may then change your investment elections in the same way that you may for the other amounts invested in the Plan.  If you are a Settlement Class Member and a Current Participant, but are determined to be a Zero Account Balance Current Participant at the time of payment, you will receive your payment in the form of a check.

If you are an Authorized Former Participant who has timely submitted (electronically or by mail) a Former Participant Claim you will receive any payment under the Settlement directly in the form of a check.

If you are a beneficiary entitled to receive payments on behalf of a Settlement Class Member (a "Beneficiary"), you will receive your payment under the Settlement directly in the form of a check.

If you are an alternate payee entitled to receive payments on behalf of a Settlement Class Member pursuant to a Qualified Domestic Relations Order (an "Alternate Payee"), you will receive your payment directly in the form of a check.

## HOW TO GET BENEFITS

### 7.  How do I get benefits?

 After the Settlement Effective Date, the Settlement Administrator will cause the Net Settlement Amount to be allocated and distributed to Current Participants, Authorized Former Participants, and their Beneficiaries or Alternate Payees, in accordance with the Plan of Allocation set forth in Article 6 of the Settlement Agreement and as ordered by the Court. The Settlement Administrator will utilize the quarter-ending account balances invested in the Plan for each Settlement Class Member during the Settlement Class Period to calculate payments to Settlement Class Members. Payments will be calculated as follows:

1. The Settlement Administrator will calculate an average account balance for each Authorized Former Participant and Current Participant based on his or her total quarter-ending account balance invested in the Plan for the Class Period ("Average Account Balance").

2. The Settlement Administrator will sum the Average Account Balances for all Authorized Former Participants and Current Participants.

3. The Settlement Administrator will then determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's pro-rata share of the Net Settlement Amount based on his or her Average Account Balance compared to the sum of the Average Account Balances for all Authorized Former Participants and Current Participants.

4. If the dollar amount of the settlement payment to an Authorized Former Participant is calculated by the Settlement Administrator to be less than $5.00, then that Authorized Former Participant's payment or pro rata share shall be zero for all purposes.

5. The total amount of payments to Class Members pursuant to this Plan of Allocation may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro rata changes to the Plan of Allocation as are necessary to ensure that said total does not exceed the Net Settlement Amount.

The Settlement Administrator's calculations regarding settlement payments will be final and binding under the Court-approved Plan of Allocation.

The Settlement Administrator will complete all payment calculations described above within thirty (30) calendar days after the Settlement Effective Date. Current Participants will receive their Settlement payments as contributions to their accounts in the Plan, as provided in the Settlement Agreement, unless the Current Participant is a Zero Account Balance Current Participant entitled to a payment by check in accordance with the Settlement Agreement. Current Participants are not required to submit a Former Participant Claim Form to receive a Settlement payment.

Authorized Former Participants (meaning Former Participants who timely have submitted, electronically or by mail, a Former Participant Claim Form and qualify for Settlement payments) will receive their Settlement payment in the form of a check.

Beneficiaries will receive payments in the manner corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant. Alternate Payees will receive payments by check if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under Article 6 of the Settlement Agreement, in accordance with the terms of the applicable Qualified Domestic Relations Order on file with the Plans' recordkeepers.

| 8. | When will I get my payment? |
|---|---|

The hearing to consider the final fairness of the Settlement is scheduled for [_____], 202_.

If you are a Current Participant, then you should receive your pro rata share of the Net Settlement Amount in the form of a deposit into your Plan account approximately three (3) months after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement. If you are a Zero Account Balance Current Participant or an eligible Beneficiary or Alternate Payee of a Current Participant, then you should receive your Settlement payment in the form of a check approximately three (3) months after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.

If you are an Authorized Former Participant (or a Beneficiary or Alternate Payee of such participant) who has timely submitted, electronically or by mail, a Former Participant Claim Form, the Settlement Administrator will effect a payment in the form of a check, representing your pro rata share of the Net Settlement Amount within approximately five (5) months after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.

If you are a Former Participant (or a Beneficiary or Alternate Payee of such participant) who does ***not*** submit a Former Participant Claim Form, you are not eligible and will not receive a payment for your pro rata share of the Net Settlement Amount, and you will still not be entitled to bring a claim concerning these issues against NCL.

All checks will expire and become void 120 days after they are issued if they have not been cashed.  These payments may have certain tax consequences; you should consult your tax advisor.

### THE LAWYERS REPRESENTING YOU

| 9. | Who represents the Settlement Class? |
|---|---|

For purposes of the Settlement, the Court has appointed lawyers from the law firm Wenzel Fenton Cabassa, P.A., and McKay Law, LLC, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.   They may be contacted below:

> BRANDON J. HILL
> LUIS A. CABASSA
> AMANDA E. HEYSTEK
> WENZEL FENTON CABASSA, P.A.
> 1110 N. Florida Ave., Suite 300
> Tampa, Florida 33602
> Main: 813-224-0431
> Facsimile: 813-229-8712
> Email: bhill@wfclaw.com
> Email: lcabassa@wfclaw.com

MICHAEL C. MCKAY
*Pro Hac Vice*
MCKAY LAW, LLC
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85250
Telephone: (480) 681-7000
Email: mckay@mckay.law

## 10.  How will the lawyers be paid?

Class Counsel has not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been awarded any expenses which they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third (33.33%) of the total $615,000 Settlement amount, plus their expenses incurred in the prosecution of the case. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel. Any attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the Settlement Fund.

## YOUR RIGHTS AND OPTIONS

## 11.  What is the effect of the final approval of the Settlement?

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Class Action. Payments under the Settlement will then be processed and distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release and forever discharge NCL and each of the Released Defendant Parties from any and all Plaintiffs' Released Claims, which are defined in the Settlement Agreement as follows:

"Released Claims" means any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, obligations, or liabilities (including claims for attorney's fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort or equity or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, and any other relief against the Released Parties through the date the Court enters the Final Approval Order and Judgment:

     (a) that were asserted in the Action that or that could have been asserted in the Action and arise out of the conduct alleged in the Complaint;

     (b) that arise out of, relate to, are based on, or have any connection with: (1) the selection, retention, performance, and monitoring of the Plan's actual or potential investment options and service providers during the Class Period; (2) the performance, costs, fees, and other characteristics of the Plan's investment options during the Class Period, including any revenue sharing paid by any such investment options or used to pay service provider fees; (3) the Plan's fees and expenses during the Class Period, including without limitation its recordkeeping and other service provider fees; or (4) the nomination,

appointment, retention, monitoring, and removal of the Plan's fiduciaries during the Class Period;

(c) that would be barred by *res judicata* based on entry of the Final Approval Order and Judgment;

(d) that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Amount pursuant to the Plan of Allocation; or

(e) that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

No Settlement Class Member will be permitted to assert any Released Claims in any other litigation against NCL or any of the other Released Parties identified in the Settlement Agreement. If you object to any of the terms of the Settlement Agreement, you may notify the Court of your objection.

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. If the Settlement is not approved and the case resumes, there is no assurance that a class would be certified for litigation purposes or that members of any certified class will recover more than is provided for under the Settlement, or anything at all.

## 12.  What happens if I do nothing at all?

If you are a Current Participant, or a Beneficiary or an Alternate Payee of a Current Participant, and you do nothing, you still will participate in the Settlement of this Class Action as a Settlement Class Member, and you will release any claims you may have against NCL and the other Released Parties, as set forth above and in the Settlement Agreement. (*See* Question Nos. 11 and 14.) You may also receive a payment as described in Question No. 8.

If you are a Former Participant, or a Beneficiary or an Alternate Payee of a Former Participant, and you do nothing, you will be bound by the Settlement of the Class Action as described in this Settlement Notice, if the Settlement is finally approved, BUT YOU WILL NOT RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM, POSTMARKED BY THE CLAIMS DEADLINE TO BE ESTABLISHED BY THE COURT.

## 13.  Can I get out of the settlement?

No. If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement, but you may notify the Court of any objection you might have to the Settlement. (*See* Question No. 15.) If the Court approves the Settlement, it will do so under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the Settlement Class.

## 14.  Can I sue NCL for the same thing?

No. If the Court approves the Settlement, you will have released any right to sue NCL or any of the other Released Parties identified in the Settlement Agreement for the claims being resolved by this Settlement and any and all other "Released Claims," as set forth in the Settlement Agreement and in Question No. 11 above.

## 15.  How do I object to the Settlement?

If you are a Settlement Class Member, you can object to any part of the Settlement or to Class Counsel's request for an award of attorneys' fees and expenses. To object, you must submit a written statement giving the reasons why you think the Court should not approve the Settlement. The Court will consider your views. Your objection to the Settlement or Class Counsel's request for attorneys' fees and expenses must be received no later than _____ [30 days before the Fairness Hearing], 2023, and must be sent to the Court and the attorneys for the Parties at the addresses below:

| The Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. Federal Building and Courthouse<br>299 East Broward Boulevard<br>Fort Lauderdale, Florida 33301<br>re: Thompson v. NCL Corporation LTD, et al.,<br>Case No.: 1:22-cv-22962 | Brandon J. Hill<br>WENZEL<br>FENTON<br>CABASSA, P.A.<br>1110 North Florida Ave.,<br>Suite 300<br>Tampa, Florida 33602<br>bhill@wfclaw.com | W. Bard Brockman<br>Bryan Cave Leighton Paisner LLP<br>One Atlantic Center, 14th Floor<br>1200 West Peachtree Street N.W.<br>Atlanta, Georgia 30309<br>Attorneys for Defendants |

The objection must be in writing and include the case name *Angelo v. NCL Corporation Ltd.*, No. 1:22-cv-22962 (S.D. Fla.); as well as include: (a) your name; (b) your full mailing address; (c) a statement that you are a member of the Settlement Class; (d) the specific grounds for the objection (including any legal support or evidence that you wish to bring to the Court's attention or introduce in support of such objection), (e) your signature; and (f) if you are represented by an attorney or wish to attend and speak at the Fairness Hearing, a notice to appear.

All objections must be filed no later than _____, 2023 [*thirty (30) calendar days before the date of the Fairness Hearing*].  The Court will consider all properly filed objections or comments from Settlement Class Members.  Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and expenses by _____, 2023 [*thirty (30) calendar days prior to the objection deadline*].

## THE COURT'S FAIRNESS HEARING

### 16.  When and where will the Court hold a hearing on the fairness of the Settlement?

A hearing is scheduled at the United States District Court for the Southern District of Florida, the Honorable District Court Judge Raag Singhal, at the U.S. Federal Building and Courthouse 299 East Broward Boulevard, Courtroom 110, Fort Lauderdale, Florida 33301 a.m./p.m. on _____, 202_ (the "Final Fairness Hearing").

At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court. (*See* Question No. 17.)

**Note**: The date and time of the Fairness Hearing are subject to change by Court Order and may be conducted via Zoom and or a conference call without any additional mailed notice, but any changes will be posted at www._____.com.

### 17.  Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to discuss it with the Court. As long as any written objection you choose to make was filed and mailed on time and meets the other criteria described above, the Court will consider it. You may also retain another lawyer to attend at your own expense, but you do not have to.

### 18.  May I speak at the hearing?

If you are a Settlement Class Member, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by submitting a notice of appearance no later than _____, 202_ [*thirty (30) calendar days prior to the date of the Fairness Hearing*].

## GETTING MORE INFORMATION

### 19.  Where can I get additional information?

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information at www._____.com. You can also get more information by writing to the Settlement Administrator at P.O. Box _____ , _____ or calling toll-free 1-888-_____. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the Court,  U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, re: *Angelo v. NCL Corporation LTD, et al*., Case No.: 1:22-cv-22962.

11

If you would like additional information, you can also call Class Counsel's law firm, Wenzel Fenton Cabassa, P.A. at 813-224-0431, by asking for attorney Brandon J. Hill.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR NCL WITH QUESTIONS ABOUT THE SETTLEMENT.**

# EXHIBIT 5

## to Settlement Agreement
## (Former Participant Claim Form)

**NCL CORPORATION LTD., 401K SETTLEMENT**
PO BOX XXXX
CITY, FL 00000

| |
|---|
| Submit your claim online at<br>www. _____ .com<br>**NO LATER THAN**<br>**DEADLINE 00, 2023** |

«barcode39»
«noticeid»

    «fname» «lname»
    «addrline1»
    «addrcity» «addrstate» «addrzip»
    «country»

Your Notice ID: «noticeid»

Your PIN: «pin»

This Former Participant Claim Form is **ONLY** for Settlement Class Members who are **Former Participants,** or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Settlement Class Member who does not have an account with a balance greater than $0.00 in the Plan (identified in the accompanying Settlement Notice) as of _____. Former Participants who would like to elect to receive their settlement payment must file a claim on or before [claim form deadline], _____. To file a claim, follow the instructions in Part 2 below. Former Participants who complete and timely file a claim will receive their settlement payment by check. Please review the instructions below carefully. If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

info@_____ or call 1-888-XXX-XXXX

## FORMER PARTICIPANT CLAIM FORM

### PART 1: GENERAL INFORMATION

1.    If you would like to receive your settlement payment, please complete a claim form either electronically online at www._____.com or by completing this form and mailing it in using the instructions below. You should also keep a copy of all pages of your Former Participant Claim Form, including the first page with the address label, Notice ID and PIN; for your records.

2.    Timing of Payments to Authorized Former Participants. The timing of the distribution of the settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

3.    Questions? If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at 1-888-XXX-XXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the Settlement Website, www._____.com.

4.    You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the Class Settlement of *Angelo, et al.  v. NCL Corporation, LTD., et al.*, No. 1:22-cv-22962 (S.D. Fla.). The Settlement Class is defined as follows:

    All Participants in and Beneficiaries of the Plan at any time during the Class Period (September 16, 2016 through March 31, 2023), including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period.  The Class shall exclude the following individuals:  Lynn White, Howard Flanders, Faye Ashby, Mark Kansley, Steve Roth, Daniel S. Farkas and Jeffrey Anderson, Francisco "Frank" J. Del Rio, Harry Sommer, David Herrera, Andrea DeMarco a/k/a Andrea Sieger, Frank A. Del Rio, Robin Lindsay.

The Settlement provides that Settlement Class Members who did not have an account balance greater than $0.00 in the Plan as of _____ ("Former Participants") will receive their allocations in the form of a check if and only if they timely submit, a valid Former Participant Claim Form. As described above, completed Former Participant Claim Forms must be submitted to the Settlement

**Former Participant Claim Form**

**Your Notice ID:** «noticeid»

Administrator electronically, or by mail with a postmark date, on or before [claim form deadline], 2023. For more information about the Settlement, please see the Notice, visit www._____-.com, email info@_____.com or call 1-888-XXX-XXXX.

If you are a Former Participant, as described on the first page above, you are eligible to receive your payment by check payable to you. Please complete and electronically submit or mail this Former Participant Claim Form to the Settlement Administrator as described below on or before [claim form deadline], 2023.

## PART 2: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Electronically submit your Former Participant Claim Form on or before [claim form deadline], 2023 to the Settlement Administrator through the Settlement Website, www._____.com.

   **NOTE**: If you file your claim online you do not need to go any further and should not submit this form.

2. If you do not wish to file your claim online at the settlement website, please complete the form below and mail your completed Former Participant Claim Form postmarked on or before [claim form deadline], 2023 to the Settlement Administrator at the following address:

   Angelo v. NCL Corporation Settlement
   P.O. Box _____
   _____, FL

   It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form. If you change your address after sending in your Former Participant Claim Form, please provide your new address to the Settlement Administrator. You must provide your date of birth, social security number, and signature.

3. You should also keep a copy of all pages of your Former Participant Claim Form, including the first page with the address label, Notice ID and PIN; for your records.

## PART 3: PARTICIPANT INFORMATION

| | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **First Name / Middle Initial:** | | | | | | | | | | | | | | | | | | | | | | | |
| **Last Name:** | | | | | | | | | | | | | | | | | | | | | | | |
| **Mailing Address:** | | | | | | | | | | | | | | | | | | | | | | | |
| **City / State / Zip Code:** | | | | | | | | | | | | | | | | | | | | | | | |
| **Home Phone:** | | | — | | | — | | | | | | | | | | | | | | | | | | |
| **Work or Cell Phone:** | | | — | | | — | | | | | | | | | | | | | | | | | | |
| **Participant's Social Security Number:** | | | — | | — | | | | | | | | | | | | | | | | | | |
| **Participant's Date of Birth (MM/DD/YYYY):** | | — | | | — | | | | | | | | | | | | | | | | | | |
| **Email Address:** | | | | | | | | | | | | | | | | | | | | | | | |

## Former Participant Claim Form

**Your Notice ID**: «noticeid»

| PART 4: BENEFICIARY OR ALTERNATE PAYEE INFORMATION *(IF APPLICABLE)* |
|---|

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. <u>Documentation must be provided showing current authority of the representative to file on behalf of the deceased</u>. Please complete the information below and then continue to **Part IV - Signature**.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO)**. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue to **Part IV - Signature**.

| Beneficiary or Alternate Payee First Name / Middle Initial: | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beneficiary or Alternate Payee Last Name:** | | | | | | | | | | | | | | | | | |
| **Mailing Address:** | | | | | | | | | | | | | | | | | |
| **City / State / Zip Code:** | | | | | | | | | | | | | | | | | |
| **Beneficiary or Alternate Payee Social Security Number:** | | | — | | | — | | | | | | | | | | | |
| **Beneficiary or Alternate Payee Date of Birth (MM/DD/YYYY):** | | — | | | — | | | | | | | | | | | | |

| PART 5: SIGNATURE |
|---|

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am a U.S. person (including a U.S. resident alien).

| Signature | | Date | | — | | | — | | |
|---|---|---|---|---|---|---|---|---|---|

| *For Administrator Use — Do Not Write Below This Line* | | |
|---|---|---|
| | (claim number) | (received date) | (postmarked date) |

**4xx**

v0.1

# EXHIBIT 6

## to Settlement Agreement

## (CAFA Notice)

[_____] __, 2023

**VIA FEDERAL EXPRESS**

[Department]
[Address]

Re:     *Angelo, et al., v. NCL Corporation LTD, et al.*
        1:22-cv-22962-AHS (S.D. Fla.)
        <u>CAFA Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1715, Defendants NCL Corporation LTD, and NCL (BAHAMAS) LTD., a Bermuda Company ("Defendants") hereby provide this Notice of a Proposed Class Action Settlement. The proposed settlement will resolve the case.

In accordance with their obligations under CAFA, Defendants are enclosing a CD containing the following documents:

**(1)     The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

The Class Action Complaint and First Amended Class Action Complaint filed in the *Angelo, et al., v. NCL Corporation LTD, et al.,* 1:22-cv-22962-AHS (S.D. Fla.), which comprise all complaints filed in the action, can be found on the enclosed CD as "Exhibit 1-Complaint".

**(2)     Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a fairness hearing regarding the settlement. Once the Court sets a hearing date, such date(s) can be found on PACER as follows: (1) enter PACER through https://ecf.nced.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 22-CV-22962, (4) click on "Run Query," and (5) click on

Addressee
[MONTH]___, 2023
Page 2

"Docket Report." The order(s) scheduling hearing(s) will be found on the docket entrysheet.

**(3)     Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Class Members."

**(4)     Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Settlement Agreement."

**(5)     A final judgment or notice of dismissal.**

Final judgment has not yet been entered. Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online as follows: (1) enter PACER through https://ecf.flsd.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 22-cv-22962, (4) click on "Run Query," and (5)click on "Docket Report." The order(s) entering final judgment will be found on the docket entry sheet.

**(6)     Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD is a list of the names of Class Members who are known or believed (based on last known addresses) to reside in your state.  The specific settlement allocation to each Class Member is not yet known.  Each Class Member's proportionate share of the final distribution amount shall be determined by the Settlement Administrator pursuant to the Plan of Allocation to be approved by the Court.  It is not yet feasible to estimate the proportionate share of the claims of the Class Members who reside in each State to the entire settlement.  The enclosed list shows the percentage of the total membership of the Class that the Class Members from each state comprise.

Addressee
[MONTH]___, 2023
Page 3

**(7)      Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered a Preliminary Approval Order.  The Court's Order on the Defendant's Motion to Dismiss can be accessed as "Exhibit 4–Order on Defendant's Motion to Dismiss."  Any Orders or opinions entered subsequent to this letter's mailing can be found online through the process described in section (5) above.

Final judgment has not yet been entered. Upon entry, a copy of said judgment can be found online through the process described in section (5) above.

The foregoing information is based on information currently available to Defendants and their counsel, and upon the status of the proceedings at the time of the submission of this notice.  You may find additional documents and information about the case, including any scheduled judicial hearings, by visiting the "PACER" online docket for the case at https://www.pacer.gov.  The court and civil case number are provided in the caption above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,


X_____

Enclosures