UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22962-CIV-SINGHAL

GRACE ANGELO and KERSTIN THOMPSON,
on behalf of the NCLC 401(k) Plan, themselves
and all others similarly situated,

    Plaintiffs,

v.

NCL CORPORATION LTD, and
NCL (BAHAMAS) LTD., A BERMUDA
COMPANY,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court on Named Plaintiffs Grace Angelo's and Kerstin Thompson's Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement (DE [49]) ("Motion").[1] The Court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is

**ORDERED AND AJUDGED** that the Motion (DE [49]) is **GRANTED** as follows:

    1.    **Settlement Class Findings and Certification**: Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been met as to the Settlement Class, and hereby certifies the Settlement Class, which is defined as:

---

[1] The Court has adopted the parties' suggested language for this Order but has made some formatting and stylistic changes.

**The NCLC Settlement Class**:

All persons who participated in the NCLC 401(k) Plan at any time from September 16, 2016, through March 31, 2023 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Settlement Class Period.

Excluded from this Settlement Class are the following individuals: Lynn White, Howard Flanders, Faye Ashby, Mark Kansley, Steve Roth, Daniel S. Farkas, Jeffrey Anderson, Francisco "Frank" J. Del Rio, Harry Sommer, David Herrera, Andrea DeMarco a/k/a Andrea Sieger, Frank A. El Rio and Robin Lindsay.

A. The Court finds that Rule 23(a)(1) is satisfied because there are over 20,000 potential Settlement Class Members making joinder impracticable.

B. The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plans, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; whether the Plan suffered losses resulting from each breach of duty; and what Plan-wide equitable and other relief, if any, the Court should impose in light of Defendants' alleged breach of duty.

C. The Court finds that Rule 23(a)(3) is satisfied because the claims of the Plaintiffs are typical of the claims of the Settlement Class because they all arise from conduct allegedly adversely affecting the Plan.

D. The Court finds that Rule 23(a)(4) is satisfied. The Court finds there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class. Instead, they share the same objectives, share the same factual and legal positions, and share the same interest in establishing Defendants' liability. Additionally, Class Counsel (defined below) is qualified, reputable, and has substantial experience in ERISA class actions.

      E.      The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for Defendants, and that adjudication as to individual Settlement Class Members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impeded those persons' ability to protect their interests.

      F.      The Court finds that Rule 23(g) is satisfied because the law firms Wenzel Fenton Cabassa, P.A. and McKay Law, LLC ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. These firms are experienced in ERISA class actions and are knowledgeable of the applicable law. These firms also have done substantial work on this case, including investigation; motion practice; significant pre-litigation administrative exhaustion efforts; and other efforts to represent the interests of the Settlement Class and the Plaintiffs.

2.    **Appointment of Class Representatives and Class Counsel:** The court appoints the Named Plaintiffs, Grace Angelo and Kerstin Thompson, to represent the Settlement Class, and the law firms Wenzel Fenton Cabassa, P.A. and McKay Law, LLC, as Class Counsel.

3.    **Preliminary Findings Regarding Proposed Settlement**: The Court Preliminarily finds that:

      A.      The proposed Settlement resulted from extensive arm's-length negotiations;

      B.      The Settlement Agreement was executed only after the parties engaged in substantial settlement negotiations, including discovery concerning the substantive merits and defenses to Plaintiffs' claims, private mediation supervised by a nationally-recognized mediator

who has extensive experience handling similar types of cases, and months of further negotiations thereafter to finalize the terms of the Settlement;

      C.      Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate;

      D.      The Settlement Agreement negotiated by Class Counsel further requires that a mutually agreed independent fiduciary will serve as a fiduciary to the Plan for purposes of approving and authorizing the Settlement on behalf of the Plan; and

      E.      The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class Members.

4.      **Final Fairness Hearing**: A hearing is scheduled at the United States District Court for the Southern District of Florida, the Honorable District Court Judge Raag Singhal, at the U.S. Federal Building and Courthouse 299 East Broward Boulevard, Courtroom 110, Fort Lauderdale, Florida 33301 on **Thursday, February 15, 2024, at 3:00 p.m.** (the "Final Fairness Hearing") to determine, among other issues:

      A.      Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

      B.      Whether the Settlement Notice and notice methodology were performed as directed by this Court; and,

      C.      Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved.

5.      **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Angelo v. NCLC* ERISA Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund

shall be a "qualified settlement fund" within the meaning of Treasury Regulations §1.468- 1(a) promulgated under §468B of the Internal Revenue Code. The Settlement Fund shall be administered as follows:

      A.    The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Plaintiffs and the Settlement Class Members as specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes and tax expenses, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

      B.    Within the time periods set forth in the Settlement Agreement, Defendants or their insurer(s) shall cause the Gross Settlement Amount to be deposited into the Settlement Fund.

      C.    The Court appoints American Legal Claim Services, LLC, as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

      D.    Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation §1.468B-3(e)(2), which may be a combined statement under Treasury Regulation §1.468B-3(e)(2)(ii) and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Settlement Fund.

E. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

F. The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

G. The Gross Settlement Amount caused to be paid by Defendants and/or their insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose;

and the Settlement Fund and income earned thereon, shall immediately be returned to the entity or entities that funded the Settlement Fund.

    H. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

    I. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

    J. The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Settlement Class Members will be subject to tax withholding as required by law and as described in the Settlement Notice and its attachments. In addition, all Administrative Expenses and all Attorneys' Fees and Costs shall be paid from the Settlement Fund.

    K. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement

Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

    L. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

    M. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

    N. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with

the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

    6.    **Settlement Notice**: The Settling Parties have presented to the Court a proposed form of Settlement Notice, which is appended to the Settlement Agreement.

    A.    The Court finds that the proposed notice, and the website referenced in the Settlement Notice, fairly and adequately:

    (i)    Describe the terms and effect of the Settlement Agreement and of the Settlement;

    (ii)    Notify the Settlement Class concerning the Plan of Allocation;

    (iii)    Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Attorneys' Fees and Costs;

    (iv)    Notify the Settlement Class that Administrative Expenses related to the Settlement will be paid from the Settlement Fund;

    (v)    Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

    (vi)    Describe how the recipients of the Settlement Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

    B.    The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall, by no later than sixty (60) days before the Fairness Hearing, cause the Settlement Notice (and Former Participant Claim Forms, as appropriate), with such non-substantive modifications thereto as may be agreed upon by the

Settling Parties, to be sent by email to all Settlement Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of each Settlement Class Member for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Settlement Class (and Former Participant Claim Forms) in the manner described.  Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers of the Settlement Class Members. The names, addresses, email addresses (the extent available), and social security numbers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

   C. For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided social security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

   D. At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing requirements.

   E. The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to direct the Settlement Administrator to publish the Settlement Notice (and Former Participant Claim Form) on the Settlement Website.

  6. **Objections to Settlement**: Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term

10

of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, must file an objection in the manner set out in this Order.

      A.      A Settlement Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and costs must do the following: (i) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> U.S. Federal Building and Courthouse
> 299 East Broward Boulevard
> Fort Lauderdale, Florida 33301
> re: Thompson v. NCL Corporation LTD, et al.,
> Case No.: 1:22-cv-22962
>
> WENZEL FENTON CABASSA, P.A.
> Attn: Brandon J. Hill (bhill@wfclaw.com)
> 1110 N. Florida Ave., Suite 300
> Tampa, FL 33602
> *Class Counsel*
>
> W. Bard Brockman
> Bryan Cave Leighton Paisner LLP
> One Atlantic Center, 14th Floor
> 1200 West Peachtree Street N.W.
> Atlanta, Georgia 30309
> *Attorneys for Defendants*

      B.      The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

C.  If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

D.  Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.  Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than seven (7) calendar days before the Fairness Hearing.

7.  **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

8. **Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator either electronically, or by mail with a postmark date, no later than **February 5, 2024.**

9. **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

10. **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

11. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Plaintiffs or the Settlement Class Members that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

12. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, Defendants, Plaintiffs, every Settlement Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action in any court or tribunal asserting any of the Plaintiffs' Released Claims or

Defendants Released Claims against the Released Defendants Parties or Released Plaintiffs' Parties.

13.     **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 5 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

14.     **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any Settlement Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness Hearing.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 18th day of September 2023.

_____
**RAAG SINGHAL**
**DISTRICT COURT JUDGE**

Copies furnished counsel via CM/ECF